## CLANTON V. RYAN.

1. ELECTION CONTEST — CHANGE OF JUDGE AFTER COMMENCEMENT OF TRIAL — TRIAL DE NOVO.— A county election contest may be tried notwithstanding a change of county judges after the commencement of the trial; but in such case the trial must be *de novo*.

2. WHEN RECOUNT OF BALLOTS SHOULD BE ORDERED.— Where the cause of contest alleged is error, mistake, fraud, malconduct or corruption in the counting or declaring the result of an election, a recount of the ballots should be ordered as a matter of course upon request of the complaining party.

3. THE BALLOTS MAY BE COMPARED WITH THE POLL LISTS.— Upon the production of evidence tending to show error, mistake, fraud, malconduct or corruption on the part of the election board, or any of its members, in the matter of receiving, numbering, depositing or canvassing the ballots, or other illegal or irregular conduct in respect thereto, an inspection and comparison of the ballots with the poll lists should be allowed, in connection with the oral evidence in reference thereto.

4. EVIDENCE — MATERIAL AVERMENTS MUST BE PROVEN BY CONTESTOR.— In a county election contest, the statement of contestor that he is "an elector of the county" is a material averment, and, if denied by the answer, must be proved, or the contest as such must fail; nor is the contestor excused from producing evidence in support of such averment on the ground that other competent evidence is refused.

*Appeal from County Court of Lake County.*

THE facts necessary to an understanding of the opinion, as disclosed by the record, are as follows: At the general election in 1889, there were three candidates for the office of sheriff of Lake county — Timothy B. Ryan, appellee; Harmon R. Clanton, appellant; and Willis A. Loomis. The result, as certified by the county board of commissioners, showed that Ryan had a plurality of one hundred and ninety-three votes over Clanton, the next highest competitor. Thereupon Clanton instituted proceedings against Ryan pursuant to the act of April 10, 1885. Sess. Laws, 193.

The statement of contest, filed pursuant to section 14

of said act, contains, among other things, allegations to the effect that contestor was at the date of the election, and still is, an elector of said Lake county; that there were errors, mistakes, fraud and corruption in the count and return of the votes from certain precincts of the county, and that such errors and mistakes thus fraudulently made were sufficient to change the result of the election, whereby the will of the electors was annulled and defeated, and the contestor deprived of the office to · which, but for the errors, mistakes and fraud aforesaid, he would have been declared lawfully elected.

The answer denies the alleged errors, mistakes, fraud and corruption in the count and return of the votes, and also denies that contestor was at the date of the election, or at any time since said date, an elector of said county.

The issues being settled, the contest came on to be tried before Hon. George S. Phelps, county judge; the trial commencing on December 26, 1889. A large amount of testimony was introduced in behalf of the contestor, including the testimony of nearly one hundred witnesses, and the examination of a large number of ballots which were alleged to have been fraudulently counted and returned. This evidence tended to show many gross errors, mistakes and frauds in the count and return of the votes, and other misconduct of some of the election officers, as alleged in said statement.

Pending the trial, January 13, 1890, the term of office of the presiding judge expired; and thereafter, the case being called for trial before Hon. William R. Hall, the new county judge, it was objected by counsel for contestee that the trial, having been commenced before one judge, could not be proceeded with before another. The court, however, ruled that the contest might still be tried, but that the trial must be de novo. Counsel for contestor objected and excepted to this ruling, and also to the refusal of the court to consider the testimony taken before the former judge; such testimony having been

"taken in full, and filed in said cause," as required by the statute.

Counsel for contestor then offered the ballots which had been cast in certain precincts as primary evidence to contradict and dispute the return and certificate of the judges of such precincts, and to support the particular and specific allegations of the statement that the election judges, by malconduct, fraud and corruption, had erroneously counted votes in favor of contestee which had really been cast for contestor. Objection to this offer was sustained on the ground that there had been no proof that would warrant the court in opening the ballot-boxes; the court holding, however, that contestant would be permitted to offer any legitimate proof of the fraud and corruption as charged. Counsel for contestant reserved exceptions; and, the case being decided in favor of contestee, this appeal is brought. The section of the act of 1885 (Sess. Laws, 198), specially considered in the opinion, reads as follows:

"Sec. 17. Immediately after the joining of issue as aforesaid, the county judge shall fix a day for the trial to commence, not more than twenty nor less than ten, days after the joining of issue as aforesaid, and such trial shall take precedence of all other business in said court. The testimony may be oral, or by depositions taken before any officer authorized to take depositions. Any depositions taken to be used upon the trial of such contest may be taken upon four days' notice thereof. The county judge trying such cause shall cause the testimony to be taken in full and filed in said cause. The trial of such causes shall be conducted according to the rules and practice of the county court in other cases. An appeal from the judgment and final determination in any cause may be taken to the supreme court the same as in other causes tried in said court: provided, that such appeal be prayed for, bill of exceptions settled, bond for costs executed and filed, and the record transmitted to the clerk

of the supreme court, within twenty days from the date of entering such judgment. The supreme court shall advance such cause to the head of the calendar and hear and determine the same with all reasonable dispatch."

Messrs. A. S. WESTON, S. J. HANNA, GEO. GOLDTHWAITE and GEO. R. ELDER, for appellant.

Mr. A. T. GUNNELL, for appellee.

MR. JUSTICE ELLIOTT delivered the opinion of the court.

No extended argument is necessary to demonstrate that it was the design of the framers of our constitution that laws should be enacted whereby contested election cases might be thoroughly tried, and impartially and speedily determined. In a republic the people are sovereign, and their sovereignty is primarily expressed in the choice of those who are to exercise governmental powers. In monarchical governments it is regarded as one of the highest crimes to attempt to overthrow the authority of the reigning prince. As citizens of a free republic, we should at least be as loyal to our country and its institutions as the subjects of a monarchy are to theirs, and should regard any attempt to defeat the will of the sovereign people in the lawful exercise of the elective franchise as the highest crime against the state or nation. In the light of these fundamental truths, the obligation of every department of the government, and the duty of all good citizens, become clearly apparent. Stringent laws should be carefully enacted to secure fairness and prevent fraud in the conduct of elections; and such legislation should be liberally construed and rigidly enforced. Upon the faithful discharge of these duties and obligations depends the stability and perpetuity of our free institutions.

By the act of 1885 (Sess. Laws, 193) it is provided that contested election cases of county officers, except county judges, shall by tried by the county judge or county court

of the proper county. The issues are required to be speedily made up, and the trial to be fixed for an early day; and in case of appeal the cause is to be taken direct to the supreme court, where it has precedence over ordinary cases.

Though we shall not undertake to notice all the assignments of error presented, yet, as certain questions of paramount public concern, and of great practical importance in the trial of election contests, are involved in the record, and have been fully argued by counsel, we shall endeavor to give them due consideration.

In our opinion Judge Hall was right in ruling that a trial of the contest might be had upon his accession to the bench, notwithstanding the term of Judge Phelps had expired after the trial had commenced. Elections for county judges take place once in three years, but it is only once in six years that such elections occur simultaneously with the general election of county officers. While county election contests, if promptly proceeded with, may be concluded before the date when newly-elected county officers are required to qualify, yet we see no reason to suppose that the law relating to the trial of such contests was framed specially with reference to that event; and, if such trials are not then concluded, there seems to be no reason why they should not be finished or retried afterwards. Public policy undoubtedly requires that election contests shall be tried as speedily as the rights of the parties and the orderly administration of justice will permit. Every citizen is, or should be, interested in having such contests determined according to the real choice of the lawful electors, as expressed at the polls, without regard to his individual preference.

Section 17 of the act of 1885, *supra*, provides that "the county judge trying such cause shall cause the testimony to be taken in full and filed in said cause." From this language it is argued with much force that the new judge should have taken up the trial where the retiring judge

left it, and should have considered the evidence taken by his predecessor as substantive evidence in the cause. In view of the hardships resulting from mistrials which are liable to occur in cases of this kind, especially where a change of county judges follows a general election of county officers, we might be inclined to hold that such was the purpose and intent of requiring the testimony to be thus preserved, were it not that the very next sentence of the act requires that "the trial of such causes shall be conducted according to the rules and practice of the county court in other cases." By the words "other cases" must be understood ordinary civil actions. It certainly is not "according to the rules and practice" in the trial of ordinary civil actions before a court of record for one judge to hear the evidence, or a part thereof, orally, and then for another judge to render a finding and judgment upon such evidence, however perfectly the same may have been preserved. It is more probable that the object of requiring the testimony to be preserved was for convenient reference afterwards, or for use on appeal, or as a deposition in case a second trial should be had when witnesses should have died or removed from the county.

From the allegations of the statement in this case, it appears that the contestant undertook to show that certain ballots cast by legal voters were either falsely counted, and so made the basis of a false return, or that they were surreptitiously changed or destroyed by some of the election officers, and other and different ballots substituted in their stead. To sustain these allegations, oral testimony, in connection with the ballots and the poll-lists, was competent evidence to be introduced at the trial. When the ballots and poll-lists are produced from the possession of the proper custodian, it is presumed, *prima facie*, that a ballot bearing the number opposite the name of an elector on the poll-list shows how such elector voted. When it is attempted to over-

throw this *prima facie* presumption by oral evidence, it is important that the trial judge should have an opportunity to hear and see the living witnesses, if they can be produced, in order that he may the better pass upon their credibility and the weight of their evidence.

Under the causes of contest set forth in the sworn statement of the contestor, a recount of the ballots in the precinct where error, mistake, fraud, malconduct or corruption was charged should have been ordered as a matter of course upon request of the complaining party. A mere recount does not involve any exposure of the secrecy of the ballot.

Upon the production of evidence tending to show error, mistake, fraud, malconduct or corruption on the part of the election board, or any of its members, as charged, in the matter of receiving, numbering, depositing or canvassing the ballots, or other illegal or irregular conduct in respect thereto, an inspection and comparison of the ballots with the poll-lists should also have been allowed, in connection with the oral evidence in reference thereto. The secrecy of the ballot is not so important as its purity; and when, in a proper proceeding, there is evidence tending to show that the ballots of electors have been changed, tampered with or destroyed, either by mistake or by the fraudulent conduct of any member or members of the election board of any precinct, or any other person or persons, it is the right of the public, and of the electors themselves, as well as the candidates, to have such matters thoroughly investigated; and courts of justice, under such circumstances, should be swift and fearless to assist in all lawful and proper ways to ascertain the truth in respect to such charges, and to rectify as far as possible any and all wrongs, whether of mistake, negligence or crime, which may be proved to have been committed against the elective franchise.

In an election contest proceeding such as this, the averment in the statement of contestor that he is "an elector

of the county" is a material averment (Act 1885, p. 197, § 14); and if denied by the answer, as in this case, it must be proved, or the contest as such must fail. Nor can the contestor, on appeal to this court, excuse the non-production of evidence in support of such averment, on the ground that competent evidence in support of other averments was offered and refused on the trial. The contestor having rested his cause in the court below without offering any evidence that he was an elector of the county, the contest was rightly dismissed, and the judgment is accordingly affirmed.

*Affirmed.*