[No. 7765. Decided February 6, 1909.]

THE STATE OF WASHINGTON, *on the Relation of Walter S. McCalley, Petitioner*, v. THE SUPERIOR COURT FOR WALLA WALLA COUNTY, *Respondent*.[1]

PROHIBITION—TO COURTS—RESTRAINING PROSECUTION—ADEQUATE REMEDY BY APPEAL. Prohibition does not lie to restrain proceedings under an information for seduction which had been stayed by marriage, under Laws 1905, p. 57, on the ground that the law is unconstitutional and that the court erred in refusing to quash the information, since there is an adequate remedy by appeal.

Application filed in the supreme court December 4, 1908, for a writ of prohibition to the superior court for Walla Walla county, Brents, J., to restrain proceedings under an information for seduction. Writ denied.

*S. R. Stern* and *T. P. & C. C. Gose*, for petitioner.

*Otto B. Rupp* and *Herbert C. Bryson*, for respondent.

RUDKIN, C. J.—On the 2d day of January, 1907, an information was filed in the superior court of Walla Walla county, charging the petitioner, Walter S. McCalley, with the crime of seducing and debauching one Amelia Villa, an unmarried woman of previous chaste character. The petitioner was arraigned under the information and entered a plea of not guilty. Thereafter on the 23d day of January, 1907, and while the prosecution was still pending, the petitioner and Amelia Villa intermarried, and all further proceedings under the information were stayed by virtue of section 1 of the act of February 24, 1905, Laws of 1905, p. 57, which reads as follows:

"If any person seduce and debauch any unmarried woman of previously chaste character, he shall be punished by imprisonment in the penitentiary not more than five years, or by fine not exceeding one thousand dollars and imprisonment in the

[1]Reported in 99 Pac. 740.

county jail not exceeding one year. If before judgment upon an information or indictment the defendant marry the woman seduced, all proceedings under such information or indictment shall be stayed, and no further proceedings shall be had thereunder so long as the defendant shall live with, provide for, and support his wife; but if at any time within three years from the date of such marriage the defendant shall wrongfully fail to support or to provide for or shall wrongfully desert or abandon his wife, prosecution shall proceed under said information or indictment in the same manner as though no marriage had taken place."

On the 13th day of November, 1908, the prosecuting attorney of Walla Walla county filed in the superior court a further or supplemental information, charging that on the 2d day of August, 1907, the petitioner wrongfully failed to support and provide for, and wrongfully deserted and abandoned, and failed and refused to live with, his wife, and has ever since wrongfully continued to do so, and prayed that proceedings under the first mentioned information be no longer stayed, and that the petitioner be placed on trial on the original charge and dealt with according to law.

On the filing of this supplemental information, the superior court made an order requiring the petitioner to appear on November 17, 1908, and show cause, if any he had, why the stay of proceedings should not cease and why he should not be placed on trial on the original charge. The petitioner appeared in obedience to the show cause order and moved that the same be quashed, but his motion was denied. The petitioner then demurred to the information and the supplemental information, but his demurrers were overruled and the cause set down for trial. Thereupon the petitioner applied to this court for a writ of prohibition, restraining the superior court and the judge thereof from taking further proceedings under the information or the supplemental information, and the case is now before us for consideration on the return to a show cause order.

The contention of the petitioner, as we understand his counsel, is, first, that the act of 1905, *supra*, is unconstitutional, because it deprives the petitioner of the right to a speedy trial as guaranteed to him by the constitution of the state; and, second, that if the act be constitutional the petitioner is first entitled to a trial of the question whether he has wrongfully failed to support or provide for, or has wrongfully deserted or abandoned his wife. As we view the question thus presented, under repeated rulings of this court, we cannot consider the constitutionality of the statute or questions of practice arising thereunder on an application of this kind. The legislature of this state has provided an orderly method for a review of final judgments by this court in all actions, civil and criminal, and that remedy is exclusive of all others, unless it be shown that the remedy by appeal is inadequate. The petitioner contends that he has no appeal from the order denying the motion to quash the show cause order or overruling the demurrers to the information and supplemental information, and that, unless the court below is restrained from taking further proceedings, he will be compelled to submit to a trial under an information based on a void statute, before an appeal can be taken or a hearing had thereon, all of which is contrary to law and the protection guaranteed to him by the state constitution and the constitution of the United States. We fail to see, however, wherein the petitioner is in a worse plight than any other defendant who is placed on trial on an information which fails for any reason to charge a crime. Had the information failed to allege that the woman was unmarried or of previous chaste character, the same misfortune would befall the petitioner.

A trial court may erroneously refuse to quash an information or indictment, it may erroneously deny to a defendant the benefit of a plea of former jeopardy, it may erroneously uphold a bad information or indictment, or it may uphold an invalid statute, but all such defenses must be presented and

tried out in an orderly way, and an appeal to a higher court has always been deemed an adequate remedy for the correction of such errors.

In *State ex rel. Miller v. Superior Court,* 40 Wash. 555, 82 Pac. 875, 111 Am. St. 925, 2 L. R. A. (N. S.) 395, after reviewing our previous decisions this court said:

"We again announce the rule that the adequacy of the remedy by appeal, or in the ordinary course of law, is the test to be applied by this court in all applications for extraordinary writs, and not the mere question of jurisdiction or lack of jurisdiction; and that the adequacy of the remedy by appeal does not depend upon the mere question of delay or expense. There must be something in the nature of the action or proceeding that makes it apparent to this court that it will not be able to protect the rights of the litigants or afford them adequate redress, otherwise than through the exercise of this extraordinary jurisdiction."

In *State ex rel. Martin v. Hinckle,* 47 Wash. 156, 91 Pac. 640, where the validity of an ordinance of the city of Spokane was challenged, the same rule was applied, the court saying:

"In this case the appellant had an adequate remedy in the ordinary course of law, either by appeal from an adverse judgment or by application for a writ of habeas corpus."

Believing, therefore, that the petitioner has an adequate remedy by appeal, his application for a writ of prohibition should be denied, and it is so ordered.

FULLERTON, MOUNT, and CROW, JJ., concur.
CHADWICK and GOSE, JJ., took no part.