[No. 14014.   Department Two.   June 4, 1917.]

THE STATE OF WASHINGTON, *on the Relation of John G. Barnes et al., Plaintiff*, v. THE SUPERIOR COURT FOR KITSAP COUNTY, *John S. Jurey, Judge, Respondent.*[1]

LANDLORD AND TENANT—UNLAWFUL DETAINER—BOND — SUFFICIENCY. Defendants' counter bond in unlawful detainer of leased premises, conditioned for the payment of all sums due for use and occupation, rents and damages that may be found due "subsequent to the execution of the bond," signed by but one surety and not approved by the clerk, is insufficient under Rem. Code, § 820, requiring two or more sureties, to be approved by the clerk, and § 821 requiring the bond to be conditioned for the payment of any sum that may be found due for use and occupation, rents and damages, etc.

SAME—BOND—PROCEEDINGS. The statute providing that evidence may be given upon hearing an application to raise the amount of defendants' counter bond in unlawful detainer does not require the court to take evidence.

SAME—BOND—STRIKING. An insufficient counter bond by defendants in unlawful detainer may be stricken on motion, where it was not approved or conditioned as required by the statute, notwithstanding Rem. Code, § 821, provides a different procedure through examination of the bondsmen, and the furnishing of an additional bond, in default of which the sheriff is to immediately put the plaintiff in possession.

SAME—WRIT OF RESTITUTION—DURATION—REVIVAL. The writ of restitution in unlawful detainer does not lose its force after twenty days, because Rem. Code, § 819, requires the sheriff's return to be made in that time; and after being held in abeyance by defendants' counter bond, it is revived when the defendants lose their right of possession by failing to comply with the statute.

CERTIORARI—WHEN LIES—ADEQUATE REMEDY BY APPEAL. Certiorari does not lie to review an order striking defendants' counter bond in unlawful detainer, since the statute provides an adequate remedy by application for an order raising or lowering the amount of any bond, and by appeal and stay bond if, by the judgment, the defendant is dispossessed, under Rem. Code, §§ 832, 833.

Application filed in the supreme court February 26, 1917, for a writ of certiorari to review orders of the superior court

[1]Reported in 165 Pac. 493.

for Kitsap county, Jurey, J., entered February 24, 1917, in an unlawful detainer action. Denied.

*John G. Barnes,* for relators.

*McClure & McClure,* for respondent.

HOLCOMB, J.—This original proceeding in review is prosecuted by relators, seeking to have certain orders of the superior court made in an unlawful detainer action against relators reviewed, revised, or annulled, and the proceedings thereunder stayed. In the original action, one Norris and wife, after service of a notice to vacate, proceeded in unlawful detainer to dispossess relators, who held under an alleged written lease. They caused the complaint and special statutory summons in unlawful or forcible detainer to be served upon the defendants, and applied for and had issued a writ of restitution at the time of the filing of the summons and complaint on April 29, 1916, the bond therefor being fixed by the court at $500, which plaintiffs furnished, and the writ was served upon defendants. Within three days thereafter, as provided in Rem. Code, § 820, the defendants furnished a counter bond, which was filed with and approved by the clerk of the court on May 2, 1916. Thereafter and within twenty days after its issuance, as provided by the statute, the writ of restitution was returned by the sheriff into court, together with his acts thereunder. Thereafter a trial was had in which the verdict of the jury was for the defendants, but the verdict was set aside and a new trial granted by the court. Thereafter plaintiffs in the action gave notice of a motion for an order for additional bond by defendants in the sum of $2,000. On February 9, 1917, the court made an order reciting that the motion above referred to

"coming on regularly for hearing upon the application of plaintiffs for an order requiring the defendants Barnes and wife to furnish additional bond in order to stay the writ of restitution issued in the cause, and the court having heard the argument of counsel, makes the following order:

"Ordered, adjudged and decreed, that the defendants Barnes and wife furnish and file in said cause within ten days from date hereof an additional bond in the sum of $1,000, with sufficient surety conditioned in the manner provided by law for the stay of the writ of restitution heretofore issued in said cause, and that in the event of a failure of said defendants to furnish said bond as aforesaid, the sheriff of Kitsap county, Washington, proceed forthwith to execute said writ of restitution."

On February 19, 1917, appellants filed a purported additional bond with but one surety and conditioned as follows:

"Now, therefore, if the above named principals shall pay to the above named plaintiffs such sums as the plaintiffs may recover in this action for the use and occupation of the premises described in the complaint in this action *subsequent to the date of the execution and* filing of this bond, or any rent found due *subsequent to the execution and filing of this bond,* together. with all damages the plaintiffs may sustain by reason of the said principals occupying or keeping possession of said premises *subsequent to the execution and filing of this bond,* and also all the costs of this action incurred subsequent to the execution and filing of this bond, then this obligation to be void."

This bond was not approved by the clerk of the court, and on February 20, 1917, the plaintiffs in that action filed a motion to strike the bond from the files, on the ground that it had not been approved by the clerk of the court as provided by law, and that it did not comply with the law nor with the order of the court entered on February 9, 1917; and that, on the striking of the bond, the sheriff of Kitsap county, Washington, be ordered by the court forthwith to execute the writ of restitution heretofore issued.

On February 24, 1917, the court made an order reciting, among other things, that, having heard the argument of counsel and being fully advised, the bond should be stricken from the records and files, and that the sheriff of Kitsap county forthwith put plaintiffs in the action in possession

of the premises described therein; to all of which the relator objected and excepted.

It is contended that these orders were made by the court without any hearings as required by law, and that the order requiring additional bond was made without the introduction of any evidence, and that the life of the writ of restitution had expired and the court had no power or jurisdiction to order its execution.

By the provisions of Rem. Code, § 820, a counter bond given by defendants to retain possession of premises in an unlawful entry and detainer action is required to be approved by the clerk of the court in such sum as may be fixed by the judge, with *two or more sureties* to be approved by the clerk of the court, and conditioned that they will pay to the plaintiff such sum as the plaintiff may recover for the use and occupation of the premises or any rent found due, together with all damages the plaintiff may sustain by reason of the defendant occupying or keeping possession of the premises, and also all costs of the action. By § 821, Rem. Code, the plaintiff or defendant may at any time, upon two days' notice to the adverse party, apply to the court or judge thereof for an order raising or lowering the amount of any bond in the act provided for. The order complained of here was an order raising the amount of the counter bond to be given by the defendants, and that counter bond given by the defendants was, as we have seen, by § 820, *supra,* required to be signed by two or more sureties and approved by the clerk of the court and conditioned that they would pay to the plaintiff such sum as the plaintiff might recover for the use and occupation of the premises, and so on. The bond offered and filed by defendants was not executed by two sureties or more, was not approved by the clerk, and was not conditioned as required by the statute.

Neither was it in all cases necessary for the court to receive evidence upon the application for an order raising the amount of the bond. The statute does, indeed, provide that,

upon the hearing of the application, evidence *may be* given. But this is permissive and not mandatory. The court may be as well informed by the admissions and statements of counsel as by any evidence that might be offered; and this case having been tried before the court, we may assume that the court was as well informed as to the necessities and requirements in regard to additional bond by evidence in the case as by any new evidence that might have been offered.

It is contended by relators that the motion to strike the bond is a proceeding not contemplated by the statute, and that the only procedure available to the plaintiffs in regard to the matter was that provided by § 821, *supra,* to the effect that:

"The bondsmen may be required to be present at such hearing if so required in the notice thereof, and shall answer under oath all questions that may be asked touching their qualifications as bondsmen, and in the event the bondsmen shall fail or refuse to appear at such hearing and so answer such questions the bond shall be stricken."

But the statute further provides that:

"In the event the court shall order a new or additional bond to be furnished by defendant and the same shall not be given within twenty-four hours, the court shall order the sheriff to forthwith execute the writ. In the event the defendant shall file a second or additional bond and it shall also be found insufficient after hearing, as above provided, the right to retain the premises by bond shall be lost and the sheriff shall forthwith put the plaintiff in possession of the premises."

The court gave the defendants ten days instead of twenty-four hours in which to give the new or additional bond, and when they offered the new bond they did not procure the approval of the clerk of the court, and they limited its conditions in particular respects so that it could not comply with the terms of the counter bond required by § 820, *supra.*

Nor is there any merit in the contention of relators that the writ of restitution issued at the time of the commence-

ment of the action had lost its force and vitality because of the passage of more than twenty days after its issuance. The twenty-days provision in the statute, Rem. Code, § 819, is merely a provision that the sheriff shall return the writ with his doings thereon, within twenty days after its date. The life of the writ endured until the final determination of the right of possession of the premises. When the defendants in possession gave a counter bond and retained possession, they suspended and held in abeyance the writ of restitution, and when, under the statute, the defendants lost their right of possession by failure to comply with the statute, the writ of restitution instantly revived and could be enforced.

We have thus far discussed the merits of the application because of the great earnestness and vehemence with which relators have insisted that the trial court exceeded its authority and jurisdiction in acting upon and striking the bond, and thus worked great injury to relators for which they have no plain, speedy, and adequate remedy. We feel, however, that there should be some discussion of the question of whether or not the writ of review is an appropriate remedy to be used in such a case as this in any event. That question is raised by respondent, but relators strenuously urge that, in such a case as this, there would be no plain, speedy, and adequate remedy at law to correct the erroneous acts and proceedings of the court below. It is contended that they would be deprived of possession of the premises in question during the pendency of the appeal and would thus be injured, and that there would be no plain, speedy, and adequate remedy therefor. One answer to this is that, in forcible or unlawful entry and detainer proceedings, which are summary statutory proceedings, the law especially provides for the dispossession of occupants upon a sufficient bond, and provides for the retention thereof by the occupants upon sufficient counter bond. It also provides that either party may at any time, upon two days' notice to the adverse party, apply for an order raising or lowering the amount of any bond in this act pro-

vided for.   If the defendants are not protected by an adequate bond on the part of the plaintiffs, they have the remedy given by statute to apply for an additional bond and make a proper showing therefor.

Furthermore the statute, as in other civil cases, provides for an appeal as a matter of course by any party feeling aggrieved by the judgment, and if by the judgment below the defendant is dispossessed and a writ of restitution has been previously issued, it is provided that the writ shall be stayed by the execution and filing of a bond on appeal by the defendant.   Rem. Code, §§ 832, 833.   Mere dispossession, especially against the consent of the occupants, as here, does not imperil the legal rights of the occupants dispossessed when it comes to a final adjudication of the matter upon the merits.

We are, therefore, of the opinion that the writ should not lie, because there is a plain, speedy, and adequate remedy at law.   Denied.

MOUNT and PARKER, JJ., concur.

ELLIS, C. J., concurs in the result.