[No. 15637. Department Two. January 7, 1920.]

THE STATE OF WASHINGTON, *on the Relation of the City of Kent et al., Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY, *Sam B. Hill, Judge, Respondent*.[1]

CERTIORARI (6)—WHEN LIES—ADEQUACY OF REMEDY BY APPEAL. Certiorari does not lie to review a judgment enjoining a city from the prosecution of public work, on the ground that the remedy by appeal is inadequate, where it merely appears that the time for performance of the contract will expire before the appeal can be heard and the delay would cause inconvenience to the contractor and city; since the appeal will afford a complete remedy.

Application filed in the supreme court November 7, 1919, for a writ of certiorari, to review a judgment of

[1]Reported in 186 Pac. 851.

the superior court for King county, Hill, J., enjoining the prosecution of a public improvement. Denied.

*T. W. Bassett* and *Tucker & Hyland,* for relators.

*Bausman & Oldham* and *Walter L. Nossaman,* for respondent.

PER CURIAM.—The city of Kent, by resolution of its city council, declared its intention to improve one of its streets between defined termini at the expense of the property benefited. Prior to the hearing on the resolution, the owners of more than three-fourths of the property in the prescribed district protested against the improvement. The city, in disregard of the protest, ordered the improvement to be made and let the contract for the completion of the work. The protesting property owners thereupon began an action in the superior court of King county against the city and the contractor to enjoin the prosecution of the work. On a trial had after issue joined, the property owners were successful in their action, recovering a judgment in accordance with the prayer of their complaint.

In the proceeding now before us, the city and the contractor seek a writ of review of the judgment, contending that the remedy by appeal is inadequate. In support of the application, they show, in addition to the facts recited, that the improvement is much needed; that the contractor has begun preparation for the work and now has upon the ground his tools, appliances and machinery necessary for the prosecution of the work, and certain of the materials necessary to be used therein, and that the time fixed for the completion of the work will expire before a review of the judgment by appeal could be perfected and determined. There is, however, in the contract a provision for extending the

time for the completion of the work for good cause shown.

It is our opinion that no sufficient cause is stated for the issuance of the writ. This court has, in a number of cases, allowed a writ of review to issue where the delay incident to a procedure by appeal will deprive the appellant of a substantial right and prevent the enjoyment of the fruits of a successful appeal, but have denied the writ in all cases when the review on appeal will cause nothing more than inconvenience and delay. Here the showing is of the latter sort. It cannot be denied that an appeal will afford a complete remedy, and that such is the ordinary method pointed out by statute for a review of a judgment of the superior court in this class of cases.

The writ is denied.