[No. 19254.   Department One.   May 12, 1925.]

THE STATE OF WASHINGTON, *on the Relation of Edward Stevens, Plaintiff,* v. CHARLES H. PAUL, *Judge of the Superior Court for King County, Defendant.*[1]

PROHIBITION (3)—EXISTENCE OF REMEDY BY APPEAL. There being an adequate remedy by appeal, prohibition does not lie to prevent one acquitted on the ground of insanity, and found to be unsafe to be at large, from being sentenced to the ward for the criminally insane, although he was not entitled to bail pending appeal.

SAME (3). The constitutionality of the act for confining the criminally insane may be raised on appeal, and therefore prohibition does not lie.

SAME (30)—JURISDICTION OF SUPREME COURT. The constitutionality of the act for confining the criminally insane is not one involving important public rights, of which the supreme court will take cognizance by prohibition.

Application filed in the supreme court April 3, 1925, for a writ of prohibition to the superior court for King county, Paul, J., to restrain a sentence and commitment to the insane ward of the penitentiary.   Denied.

*E. F. Kienstra,* for relator.

*Ewing D. Colvin* and *Harry A. Rhodes,* for respondent.

ASKREN, J.—Relator was charged with the crime of forgery in the first degree.   He entered a plea, first, of not guilty; second, that he was mentally irresponsible at the time of the commission of the crime; third, that such mental irresponsibility had ceased to exist; and fourth, that he had become mentally responsible between the date set forth in the information and the

[1]Reported in 235 Pac. 960.

date of the plea. At the close of trial, the jury rendered a verdict finding that the defendant had committed the crime charged, but that they acquitted him because of his insanity or mental irresponsibility at the time of its commission, and that such mental irresponsibility or insanity continued and still existed, and that there was such a likelihood of relapse or recurrence of the insane condition that the defendant was not a safe person to be at large.

While confined in jail awaiting sentence by the trial court, application was made in this court for a writ of prohibition, which set forth the foregoing facts, and, in addition thereto, that the trial court would, unless restrained, sentence the defendant to the criminally insane ward of the penitentiary; that no evidence was offered at the trial as to the mental condition of the defendant at the time of trial, and that the statute is unconstitutional.

Upon the return, counsel for the trial court moved to dismiss the writ upon the ground that relator's remedy, if any, was by appeal. This contention must be sustained.

It is the settled law of this state that writs of prohibition will not lie where there is an adequate remedy by appeal. *State ex rel. Martin v. Hinkle*, 47 Wash. 156, 91 Pac. 640; *State ex rel. McCalley v. Superior Court*, 51 Wash. 572, 99 Pac. 740; *State v. Tenney*, 63 Wash. 486, 115 Pac. 1080.

Relator urges that he has no adequate remedy by appeal because, being insane, he is not permitted to be at liberty on bail pending such appeal, and that this distinguishes our previous decisions. But we think this is a distinction that is apparent rather than real. One charged with murder in the first degree, where the statute does not permit the giving of bail, one charged

with a lesser offense and unable to give bail, and one charged with insanity whose condition makes it dangerous for him to be at large, and who is therefore not permitted to furnish bail, all have an adequate remedy by appeal, and it has never been held that delay, expense or incarceration prevented appeal from being an adequate remedy.

Relator desires to attack the constitutionality of the statute. Our decisions are unanimous to the effect that this must be raised by appeal.

It is also insisted that our decision in *State ex rel. Garber v. Savidge,* 132 Wash. 631, 233 Pac. 946, creates an exception to the general rule because we there said that, where the case involves the validity or constitutionality of a statute and relates to important public rights, the court will take cognizance. But this is not a case involving important public rights. It is one involving purely private rights.

The writ is denied.

TOLMAN, C. J., FULLERTON, MAIN, and MITCHELL, JJ., concur.