[No. 20025.  Department One.  July 6, 1926.]

THE STATE OF WASHINGTON, *on the Relation of Paul Chin et al., Plaintiffs,* v. THE SUPERIOR COURT FOR KING COUNTY, *Robert M. Jones, Judge, Respondent.*[1]

[1] PROHIBITION (4)—ADEQUACY OF REMEDY BY APPEAL—INFORMATION IRREGULARLY FILED. Prohibition does not lie to prevent the superior court from proceeding with a prosecution, after refusing to strike out the information because it was not filed or verified by the prosecuting attorney as required by law; since the information was not void for that reason, and error in the ruling of the court can be reviewed by appeal.

Application filed in the supreme court May 7, 1926, for a writ of prohibition to prevent the superior court for King county, Jones, J., from proceeding with a prosecution for gaming. Denied.

*Schwellenbach, Merrick & Macfarlane,* for relators.
*Ewing D. Colvin* and *A. M. Burgunder,* for respondent.

[1]Reported in 247 Pac. 738.

BRIDGES, J.—An information was filed with the clerk of the superior court for King county charging relators with being common gamblers. Thereafter, they were arrested, and when called into court to be arraigned, they moved for the dismissal of the information on various grounds, which motion was supported by affidavits. The information appears to be fair on its face. It purports to have been filed with the clerk of the court, to have been signed by the prosecuting attorney of King county, and to have been duly verified by him. The affidavits, however, show that the information was handed to the clerk for filing by someone in the employ of the prosecuting attorney who was not a deputy; that the prosecuting attorney did not, in fact, appear before the officer taking the verification, but that that officer, seeing the prosecuting attorney's name signed to the verification, certified in the usual form to the certificate. The court denied the motion to strike. Thereupon, the relators sought from this court a writ prohibiting the superior court for King county from proceeding with a trial upon the information in question.

Relators contend that, upon the undisputed showing, the purported information is void and, in effect, no information at all, and that the court would have no jurisdiction to try the relators, because the statutes provide that the information shall be filed "by the prosecuting attorney" (Laws of 1925, p. 420), and shall be sworn to "by the oath of the prosecuting attorney, complainant, or some other person." (§ 2051, Rem. Comp. Stat.) [P. C. § 9264].

The parties have not only argued the question whether the writ of prohibition should issue, but have presented the case upon its merits. Since we have concluded that the writ should not issue, it will not only

be unnecessary, but would be improper, for us to discuss the merits of the controversy.

[1]   We have so frequently held that a writ of prohibition will issue only where the trial court is threatening to proceed when he has no jurisdiction so to do, and where there is no plain, speedy and adequate remedy by appeal or otherwise, that we deem it unnecessary to cite cases.

This information may, or may not, be defective, but it is not void. It is no more void than if it were attacked on the ground that it fails to state a crime, or that it states two or more crimes. The relators made it the duty of the court to rule on their motion, and he had a perfect right to hold that it was unnecessary that the prosecuting attorney should himself hand the information to the clerk of the court to be filed, or that the verification by that officer was a necessary part of the information, or that the verification, as made, complied with the statutes. If, in so ruling, the court was wrong, then it is nothing but an error which can be corrected upon appeal. If we must, by a writ of prohibition, review the alleged error of the court in refusing to sustain the motion to strike the information, then we would be required, for like reasons, to review any alleged error of the court concerning the sufficiency or insufficiency of an information, and in this way there would be almost no end to the trial of a criminal case.

In *State ex rel. McCalley v. Superior Court*, 51 Wash. 572, 99 Pac. 740, Judge Rudkin, speaking for the court, very aptly said:

"A trial court may erroneously refuse to quash an information or indictment, it may erroneously deny to a defendant the benefit of a plea of former jeopardy, it may erroneously uphold a bad information or indictment, or it may uphold an invalid statute, but all

such defenses must be presented and tried out in an orderly way, and an appeal to a higher court has always been deemed an adequate remedy for the correction of such errors."

Our statutes with reference to criminal procedure very clearly contemplate that, under circumstances such as exist here, there is no remedy by writ of prohibition, Section 2101, Rem. Comp. Stat. [P. C. § 9265], provides that the defendant may move to set aside an information when it is not signed by the prosecuting attorney, or when it is not verified, or when it is not marked "filed" by the clerk, or when the names of the witnesses are not endorsed thereon. The next section provides that, if the motion to set aside the information be denied, "the defendant must immediately answer the indictment or information, either by demurring or pleading thereto."

The trouble with relators' argument is that they assume that the information in this case is void and that the situation is as though none had been made or filed. But, while it may be defective, it is still an information and is not void, and the trial court has jurisdiction to uphold it, notwithstanding its alleged defects.

Relators greatly rely on *Evans v. Willis,* 22 Okl. 310, 97 Pac. 1047, 18 Ann. Cas. 258. It is our view that that case is easily distinguishable from this one. There it appeared that the defendant had committed a crime, and much preliminary proof was brought forward to show that fact, but the prosecuting attorney refused to make or file any information. Thereupon, a private individual drew up, signed and verified one, and the defendant was arrested and arraigned thereunder. He moved to strike the information, which the court denied. The Oklahoma court held that, since under the statutes only the prosecuting attorney could

charge a crime by information, no one else had power or authority so to do, and that, consequently, the situation was as though no information had been filed and the court was without jurisdiction, and that a writ of prohibition would issue to prohibit the trial court from further proceeding under it. In that case there was, in effect, no information at all. While in this case there is, at least, a defective information. It seems to us that the difference between the two cases is conspicuous.

Nor can it be said that the relators are without a plain, speedy and adequate remedy by appeal. That remedy is as open to them under the facts of this case as it would be, had they attacked the information upon any other grounds.

It is clear to us, that the most that the trial court has done is to make an erroneous ruling, and that there is an adequate remedy by appeal; and, for those reasons, the writ of prohibition must be, and is, denied.

TOLMAN, C. J., FULLERTON, HOLCOMB, and MITCHELL, JJ., concur.