[No. 21378.  Department One.  August 22, 1928.]

THE STATE OF WASHINGTON, *on the Relation of*
*Earnest W. Walker, Plaintiff*, v. THE
SUPERIOR COURT FOR KING COUNTY,
*Respondent.*[1]

[1] PROHIBITION (8, 25)—ADEQUACY OF REMEDY BY APPEAL—VACAT-
ING JUDGMENTS—INTERFERENCE WITH JURISDICTION OF OTHER
COURTS.  Prohibition does not lie to prevent the vacation of
a judgment of divorce, where the court had jurisdiction of the
parties and of the application; since the writ issues only where
the court is acting without or in excess of its jurisdiction and
there is no adequate remedy by appeal.

[2] DIVORCE (47-1)—JUDGMENT—VACATING—FRAUD.  The court has
jurisdiction of an application to vacate a decree of divorce,
procured without notice and by fraud upon the court as to the
issues pending, where it acquired jurisdiction of the parties by
their appearance without objection.

Application filed in the supreme court June 15, 1928,
for a writ of prohibition to the superior court for
King county, Moriarty, J., to prevent the vacation of
a judgment of divorce.  Denied.

*C. S. Goshert*, for relator.

*Ewing D. Colvin, Grace O. Dailey*, and *Arthur H.
Hutchinson*, for respondent.

PARKER, J.—This is an original prohibition proceed-
ing in this court, commenced by relator, Earnest W.
Walker, seeking a writ prohibiting the superior court
for King county from entering its threatened order
vacating and setting aside the final decree of divorce,
rendered by that court in his favor upon the expira-
tion of the six months' statutory period following the
entry of an interlocutory order adjudicating him en-
titled to a divorce from his wife, Vivian A. Walker.

[1]Reported in 270 Pac. 126.

We find it necessary to notice only the question as to whether or not prohibition is a remedy available to Mr. Walker looking to his securing the claimed right he here seeks. In so far as the facts disclosed by this record are relevant to that problem, they may be summarized as follows: On August 24, 1927, Mr. Walker commenced, in the superior court for King county, an action seeking a decree of divorce dissolving the marriage relation existing between him and Mrs. Walker; personal service of the summons and complaint in that action being on that day made upon Mrs. Walker, in King county. The cause thereafter being heard upon the merits, the court, on November 28, 1927, made findings and entered an interlocutory order in accordance therewith, adjudicating Mr. Walker entitled to a decree dissolving the marriage relation existing between them, such decree to be finally rendered upon the expiration of six months thereafter, as either party might be entitled to under Rem. Comp. Stat., § 988.

On February 7, 1928, Mrs. Walker made application to the superior court to have the interlocutory order adjudicating Mr. Walker entitled to a divorce set aside upon the grounds of cohabitation and reconciliation after the entry of that order. This application being heard by the court, Judge Jones presiding, he, on March 26, 1928, rendered and filed his memorandum decision finding, among other things,

". . . that the parties did sporadically cohabit after the entry of the interlocutory decree;"

but nevertheless decided that Mrs. Walker's application to set aside the interlocutory decree should be denied. No order has ever been entered in pursuance of that memorandum decision, except as the final decree of divorce hereinafter noticed may be considered as in effect such an order.

On May 29, 1928, which, it will be noticed, was immediately upon the expiration of the six months' period following the entry of the interlocutory order adjudicating Mr. Walker entitled to a divorce, Mr. Walker, by his counsel, without notice to Mrs. Walker or her counsel, applied to the superior court, Judge Moriarty presiding, for the rendering of a final decree of divorce in his favor in pursuance of the interlocutory order, there then being presented to the court in that behalf an affidavit of Mr. Walker stating, among other things:

"That plaintiff [Mr. Walker] and defendant [Mrs. Walker] have not cohabited as husband and wife since the 27th day of November, 1928; that plaintiff makes this affidavit for the purpose of procuring the final decree of divorce therein."

This affidavit was presented to the court in pursuance of a rule of the superior court as a prerequisite to the entering of a final decree of divorce upon the expiration of the six months' statutory period. Judge Moriarty thereupon accordingly signed and entered a final decree of divorce. He was not then advised that there had been or was then pending in the action any proceeding looking to the setting aside of the interlocutory order.

On June 7, 1928, on first learning of the entry of the final decree, Mrs. Walker, by her counsel, served upon counsel for Mr. Walker a motion and affidavit, in legal effect a petition to the court, asking the setting aside of the final decree of divorce upon the ground that the court, Judge Moriarty presiding, was misled by the untrue *ex parte* showing made to him in behalf of Mr. Walker as to the non-cohabitation and reconciliation of the parties after the entry of the interlocutory order.

That application thereafter being heard, both parties

being in court and represented by their respective counsel, jurisdiction over their persons not being questioned, and evidence being taken, the court, on June 13, 1928, caused to be made a minute entry evidencing its decision that the final decree of divorce should be set aside. Thereafter on the same day, counsel for Mrs. Walker prepared a form of order vacating the final decree of divorce, served the same upon counsel for Mr. Walker with notice that it would be presented to Judge Moriarty for signing and entry on June 16, 1928.

In the meantime, this prohibition proceeding was commenced in this court, resulting in the temporary staying of the entry of such order by the superior court. Thereafter this prohibition proceeding came on for hearing in this court upon the application of Mr. Walker and the answer thereto made by Judge Moriarty for the superior court, which embodied the record of the cause in that court; and is so submitted to us for final disposition.

[1] In *State ex rel. Meyer v. Clifford*, 78 Wash. 555, 139 Pac. 650, Judge Gose, speaking for the court, said:

"The office of a writ of prohibition is to arrest proceedings which are 'without or in excess' of the jurisdiction of the particular tribunal whose acts are sought to be reviewed. The writ is available only where the tribunal is proceeding 'without or in excess' of jurisdiction, and then only where there is no adequate remedy either by appeal or by writ of error [certiorari]. *State ex rel. Griffith v. Superior Court,* 71 Wash. 386, 128 Pac. 644; *State ex rel. Mackintosh v. Superior Court,* 45 Wash. 248, 88 Pac. 207. In the *Griffith* case, we said:

"'The court has jurisdiction over the subject-matter of the order, and over the parties, and hence jurisdiction to make an order in the premises. Whether or not it made a correct order, does not affect its

jurisdiction. The error, therefore, if error was committed, was one made in the exercise of competent jurisdiction, and not one made without jurisdiction, and is not subject to correction by a writ of prohibition.'

"A writ of prohibition will not issue to review errors, either of law or fact, where the tribunal has jurisdiction."

See, also, Rem. Comp. Stat., §§ 1027-1028; *State ex rel. McGlothern v. Superior Court*, 112 Wash. 501, 192 Pac. 937; *State ex rel. Potter v. Superior Court*, 135 Wash. 344, 237 Pac. 717; *State ex rel. Chin v. Superior Court*, 139 Wash. 449, 247 Pac. 738.

So, if a superior court of this state has general jurisdiction over the subject-matter of an application to set aside a decree of divorce rendered therein, upon the ground of fraud inducing its rendition, as we think is, in effect, alleged in Mrs. Walker's application to set aside this final decree, the court having acquired jurisdiction over the persons of the parties as the superior court did in this case, it seems to plainly follow that prohibition should not be used to prevent the superior court proceeding to a final determination, by the entry of a final order, disposing of such an application, though it might appear that the court in so doing would render an erroneous decision thereon.

[2] It has become the settled law of this state, in harmony with what we conceive to be the decided weight of authority, that our superior courts have general jurisdiction over the subject-matter of setting aside decrees of divorce upon the ground of their rendition being induced by fraud, as well as general jurisdiction over the subject-matter of setting aside judgments and decrees in other classes of action upon such ground. *Graham v. Graham*, 54 Wash. 70, 102 Pac. 891, 18 Ann. Cas. 999; L. R. A. 1917B 405; *Chaney v. Chaney*, 56 Wash. 145, 105 Pac. 229; *Faulkner v.*

*Faulkner,* 90 Wash. 74, 155 Pac. 404; *Jarrard v. Jarrard,* 116 Wash. 70, 198 Pac. 741; *Smith v. Smith, ante* p. 457, 269 Pac. 821.

Having concluded that the superior court had jurisdiction over the persons of Mr. and Mrs. Walker, and general jurisdiction over the subject-matter presented to it by Mrs. Walker's petition to set aside the final decree of divorce, it seems to us that there is little room for arguing that, whatever erroneous disposition the superior court may ultimately make by its final order in disposing of Mrs. Walker's petition to set aside the final decree of divorce, such error will be thereafter subject to correction by appeal; or by certiorari, if, by reason of some peculiar exigency of the case, appeal becomes an inadequate remedy. *McDonald v. McDonald,* 34 Wash. 293, 75 Pac. 865, and all the five cases above cited touching the question of jurisdiction of our superior courts to entertain such applications, were brought to this court by appeal; it manifestly being assumed that such was the proper method of bringing them here.

We conclude that Mr. Walker is not entitled to a writ of prohibition, as prayed for by him. The writ is denied.

FULLERTON, C. J., TOLMAN, FRENCH, and MITCHELL, JJ., concur.