[No. 22566. Department Two. June 4, 1930.]

THE STATE OF WASHINGTON, *on the Relation of Ervin Miller, Plaintiff*, v. RALPH C. BELL, *as Judge of the Superior Court for Snohomish County, Respondent.*[1]

*Anderson & Richards* and *Earl W. Husted*, for relator.

*Charles R. Denney,* for respondent.

HOLCOMB, J.—This original proceeding is prosecuted by relator for the purpose of having a certain order of the superior court in a prosecution for bootlegging reviewed and annulled, and further proceedings thereunder prohibited.

[1]Reported in 289 Pac. 25.

On April 7, 1930, an information was filed in the superior court for Snohomish county, charging relator with the crime of bootlegging in two counts, as follows:

"Count 1: He, the said Ervin Miller in the county of Snohomish, state of Washington, on or about the 27th day of March, 1930, did willfully, unlawfully and feloniously carry about with him, for the purpose of unlawful sale, a quantity of intoxicating liquor other than alcohol, to wit, about one gallon of moonshine whisky;"

Count 2 alleged the same offense as count one, except that the offense was alleged as of the 31st day of March, 1930, and that the carrying about for the purpose of unlawful sale of intoxicating liquor, other than alcohol, consisted of about five gallons of moonshine whisky.

Relator, by his attorneys, demurred to the information upon the ground that it did not substantially conform to the requirements of the laws of Washington; that more than one crime is charged; that counts one and two have been improperly joined and united in the information.

Thereafter, the demurrer to the information was presented and argued to the trial court, which, by its order, overruled the demurrer, and the case was set for trial. Thereupon relator sued out an alternative writ herein.

 Respondent appeared and moved to quash the writ upon the ground that the facts set out in the petition and affidavit in support of the writ are not sufficient to warrant the issuance of the peremptory writ.

Relator does not question, and there can be no argument, but that the information alleges facts constituting offenses within the jurisdiction of the superior court for Snohomish county. The court also has undoubted jurisdiction over the person of relator. The

only contention made by relator is that the information, being for the crime of bootlegging on two separate dates within the statutory period of limitations, is a continuing offense, and that only one count of bootlegging should be allowed to be maintained against him. In other words, it is argued that the prosecution has split one crime of bootlegging into as many different crimes as there are counts in the information.

We shall not anticipate the question of whether or not bootlegging is a continuing offense, for the reason that, should the trial court err in deciding that question, relator has a plain, speedy and adequate remedy by appeal. Neither the writ of prohibition nor of review to this court will lie when there is such plain, speedy and adequate remedy in the ordinary course of law.

As was observed by Rudkin, J., in *State ex rel. McCalley v. Superior Court,* 51 Wash. 572, 99 Pac. 740, petitioner is in no

". . . worse plight than any other defendant who is placed on trial on an information which fails for any reason to charge a crime. . . .

"A trial court may erroneously refuse to quash an information or indictment; it may erroneously deny to a defendant the benefit of a plea of former jeopardy; it may erroneously uphold a bad information or indictment; or it may uphold an invalid statute, but all such defenses must be presented and tried out in an orderly way, and an appeal to a higher court has always been deemed an adequate remedy for the correction of such errors."

Nor will certiorari lie when there is an adequate remedy by appeal. *State ex rel. Barnes v. Superior Court,* 96 Wash. 581, 165 Pac. 493.

An extraordinary remedy will not be granted where there is an adequate remedy by appeal. *State ex rel.*

*Bellingham v. Abrahamson,* 98 Wash. 370, 168 Pac. 3.

See, also, *State ex rel. Stevens v. Paul,* 134 Wash. 415, 235 Pac. 960; *State ex rel. Potter v. Superior Court,* 135 Wash. 344, 237 Pac. 717; *State ex rel. Chin v. Superior Court,* 139 Wash. 449, 247 Pac. 738; *State ex rel. Benbrook v. Superior Court,* 152 Wash. 576, 278 Pac. 427.

As is well known, convicted defendants in criminal cases have the right to appeal as a matter of course, by virtue of the provisions of Rem. Comp. Stat., §§ 1716 to 1754, inclusive, and under § 1721, *id.,* may appeal without bond.

If the court should err in ruling upon relator's contention there is an adequate and speedy remedy by appeal.

The alternative writ is therefore quashed and the peremptory writ denied.

MITCHELL, C. J., FULLERTON, MAIN, and FRENCH, JJ., concur.