[No. 22931.    Department Two.    April 30, 1931.]

THE STATE OF WASHINGTON, *on the Relation of the Canadian Bank of Commerce, Plaintiff*, v. THE SUPERIOR COURT FOR KING COUNTY *et al., Respondents.*[1]

*Bronson, Jones & Bronson*, for relator.

*McClure & McClure* and *Walter S. Osborn*, for respondents.

BEELER, J.—This is an original proceeding in which the relator seeks a writ of prohibition. From the application and the return to the alternative writ, the following situation appears: Capp and the Taylors, partners as Capp & Taylor, commenced an action in the superior court for King county against the relator and the trustee in bankruptcy of the Straits Packing Company, being cause No. 236,307 in that court, wherein they sought to foreclose a statutory lien claimed by them, under a statute of Alaska, upon a lot

[1]Reported in 298 Pac. 716.

of canned salmon put up by the Packing Company in Alaska and now in the possession of the defendant bank. No money judgment is sought.

The plaintiffs in that action alleged that they had caught and delivered to the Packing Company a part of the salmon that had gone into the pack; that they had not been paid in full; that, by a certain statute of Alaska, set out in full in the complaint, they were given a lien upon the packed fish; that they had kept their lien alive by complying with the statute; that the Packing Company had shipped the entire pack to Seattle and delivered it to the bank; and that the latter now holds the packed fish in the city of Seattle in King county.

The bank demurred to the complaint on the ground that the court had no jurisdiction of the subject-matter. The demurrer was overruled after presentation of the issue to Judge Hall. Then followed the application to this court for a writ of prohibition, commanding the superior court and Judge Hall to refrain from further proceedings in that action for want of jurisdiction.

The relator contends here that the complaint in the action in the superior court discloses that the plaintiffs have no lien which is enforceable in this state under the rules of comity.

This contention is all that is urged against the jurisdiction of the superior court, but it is clear that the objection does not go to the jurisdiction, but to the sufficiency of the facts alleged to constitute a cause of action.

Even if it were otherwise, the writ would have to be denied, because there is available a plain, speedy and adequate remedy by appeal in the ordinary course of law. This has long been the rule and still is. Sections 1015 and 1030, Rem. Comp. Stat.; *State ex rel. Miller v. Superior Court*, 40 Wash. 555, 82 Pac. 875,

111 Am. St. 925, 2 L. R. A. (N. S.) 395; *State ex rel. McCalley v. Superior Court,* 51 Wash. 572, 99 Pac. 740; *State ex rel. Meyer v. Clifford,* 78 Wash. 555, 139 Pac. 650; *State ex rel. Prentice v. Superior Court,* 86 Wash. 90, 149 Pac. 321; *State ex rel. Stevens v. Paul,* 134 Wash. 415, 235 Pac. 960.

Writ denied.

TOLMAN, C. J., MILLARD, FULLERTON, and BEALS, JJ., concur.