[No. 23466.   Department One.   October 29, 1931.]

THE STATE OF WASHINGTON, *on the Relation of John Ivan Wilson, Plaintiff,* v. KAZIS KAY, *Judge of the Superior Court for King County, Respondent.*[1]

[1]Reported in 4 P. (2d) 498.

*Albert E. Kaye,* for relator.

*Leo W. Stewart,* for respondent.

Tolman, C. J.—Relator duly filed his petition in this court seeking the issuance of a writ of certiorari to review certain proceedings in the superior court for King county.

The petition and supporting affidavit show that, on April 8, 1931, an action was commenced in the superior court for King county by Gertrude Eaton against one John Ivan Wilson for the recovery of damages resulting from alleged malpractice by said Wilson in his profession as a dentist; that an answer was duly filed and issues were joined, and the case was regularly noted for trial and assigned to be tried before the late Judge Gilliam, one of the judges of the superior court for King county; that a trial of the issues was had before Judge Gilliam and, after all of the evidence had been introduced and the cause had been argued, on Friday, August 28, 1931, Judge Gilliam, in open court, orally stated that he would find for the plaintiff and render judgment in her favor for the sum of $250 and costs. A minute entry was made of such oral pronouncement; but before any findings of fact and conclusions of law were presented to the trial judge for signature, he was taken ill and died; and thereafter the respondent, Kazis Kay, was appointed by the governor of this state to fill the position left vacant by the death of Judge Gilliam, and the respondent, Kay, thereafter duly qualified and became in law the successor to Judge Gilliam.

After certain attempts to have the presiding judge of the superior court for King county take action, the matter came on for hearing before Judge Kay on September 22, 1931, and he was asked to sign plaintiff's proposed findings of fact and conclusions of law in the

case. To any such action, counsel for defendant in the cause objected, upon the ground that he had heard none of the evidence nor the arguments of counsel, had no knowledge of the facts shown by the evidence, and therefore had no jurisdiction to make and enter findings of fact and conclusions of law in the case. This objection was overruled, and Judge Kay proceeded immediately to, and did, sign findings of fact and conclusions of law as proposed by the attorney for the plaintiff in the cause; and thereupon entered a final judgment in the cause in accordance with the findings of fact and conclusions of law so made and entered by him. To this petition, the respondent has entered a motion to quash and a demurrer.

On the merits, if we shall reach the merits, there seems to be but little to be said. The principal, and puzzling, question here presented is: Will the extraordinary writ of certiorari issue under the conditions shown, or will the relator be left to pursue his remedy by appeal?

██ While not so drastic in character as prohibition or mandamus, still certiorari is an extraordinary remedy, and its issuance, while discretionary to a considerable extent (more so perhaps than either prohibition or mandamus), must be guarded from abuse, otherwise the regular procedure of review by appeal will be encroached upon to the confusion of the practice and practitioners and to the overwhelming of this court.

In *State ex rel. Miller v. Superior Court,* 40 Wash. 555, 82 Pac. 877, 2 L. R. A. (N. S.) 395, 111 Am. St. 925, where the writ of prohibition was involved, the former decisions of this court were reviewed and the rule was laid down that an answer to the question, "Has the relator an adequate remedy by appeal?" was decisive.

In *State ex rel. Barnes v. Superior Court,* 96 Wash. 581, 165 Pac. 493, the same rule was apparently applied to a writ of certiorari, though by reason of the holding that the complaining party had a statutory right to make application for an additional bond, etc., which would accord full relief ·without either appeal or an extraordinary writ, the force of the decision as an authority here is but doubtful at the best.

In *State ex rel. Fent v. Smith,* 123 Wash. 564, 212 Pac. 1055, the rule was applied to a case involving the review of the modification of a decree of divorce.

In *State ex rel. City of Kent v. Superior Court,* 109 Wash. 336, 186 Pac. 851, it was contended that the remedy by appeal was inadequate because the time for performance of the contract involved would expire before an appeal could be heard; but this court held that, since there was a clause in the contract providing for extending the time for the completion of the work for good cause shown, the remedy by appeal was adequate. *State ex rel. Stevens v. Paul,* 134 Wash. 415, 235 Pac. 960; *State ex rel. Potter v. Superior Court,* 135 Wash. 344, 237 Pac. 717; *State ex rel. Chin v. Superior Court,* 139 Wash. 449, 247 Pac. 738; *State ex rel. Walker v. Superior Court,* 148 Wash. 610, 270 Pac. 126; *State ex rel. Nelms v. Superior Court,* 149 Wash. 50, 270 Pac. 128, all involve the issuance of the writ of prohibition, and are not helpful here.

*State ex rel. Miller v. Bell,* 157 Wash. 279, 289 Pac. ·25, involves both prohibition and certiorari; and, moreover, it was there sought to review proceedings in a criminal case; so we find nothing there of present help.

While we may have other cases bearing upon the subject, we have contented ourselves with reviewing only those cited by the respondent.

The statute, Rem. Comp. Stat., § 1002, seems to vest discretion in the court to grant the writ of certiorari

where it is made to appear that an inferior tribunal has (1) exceeded its jurisdiction, (2) acted illegally, (3) proceeded in an erroneous manner, (4) entered a void order, or (5) is proceeding contrary to the course of the common law. But in all such cases, it must appear that "there is no appeal, nor in the judgment of the court, any plain, speedy and adequate remedy at law." The quoted clause of the statute clearly calls for the exercise of judicial discretion.

As we have already observed, prohibition and mandamus are in their nature much more drastic than is certiorari, and for that reason they are that much less discretionary writs. While heretofore we seem to have failed to discriminate, yet we now feel that a discrimination should be made, and nothing which follows should be taken to be authority for the issuance of either the writ of prohibition or the writ of mandamus.

By this writ, we are not asked to imperatively stay the hand of the superior court, or, just as imperatively, to compel that court to do an act which it has refused to perform; but only to review the record and correct the errors which the statute provides may be so corrected.

Much of what has heretofore been said on this subject has arisen from a desire to avoid reviewing cases piecemeal, and that must still be the rule. On appeal from a final judgment, we can usually review the whole record and lay down the law of the case. When that can be done, all questions arising in the case should, so far as possible, be reserved until, by one hearing and one decision, we can dispose of the whole case. But here, if relator's complaint be well-founded, we have a judgment which is voidable because based upon no facts found to be the facts of the case by any trier of facts who heard the testimony. On appeal from the final judgment, we could but reverse and vacate that

judgment, and could in no way review trial errors, settle the law of the case or pass upon any of the merits of the controversy. The delay, the additional expense and the additional burden upon this court caused by postponing the decision of the present questions until the case is brought here upon appeal from the final judgment, would be wholly useless.

Moreover, the relator, during the pendency of an appeal, would have to suffer the burden of the lien on his real property cast by the judgment and the injury to his credit arising from the same source.

The delay caused by following the regular course of review by appeal, in and of itself, would be no reason to grant the extraordinary writ; but such delay, when added to other reasons, may have considerable weight. Here, assuming relator's position to be correct, we would, after an appeal, be obliged to hold that there had been a mistrial, and that the case must be tried *de novo*. In the interim, witnesses might have died or scattered and a miscarriage of justice might result. It is always the policy of the law to award a speedy trial on the merits, and anything which unnecessarily delays such a trial is not to be encouraged.

We feel that this is a case which should appeal to the discretion that the statute vests in us; and both for the protection of the relator and the protection of this court, we are justified in the holding that the writ will lie.

Coming now to the merits. The case was tried to Judge Gilliam, sitting without a jury. He alone was the trier of the facts. At the conclusion of the trial, he made an oral announcement of his views, which announcement did not become effective for any purpose or binding upon the judge who made it. We have often held that, notwithstanding an oral announcement, upon further reflection the judge may

change his conclusions in any respect. Here he might have increased or reduced the amount of recovery or denied recovery altogether. Nothing had taken place which would require the court to sign any findings which plaintiff's attorney might present, and on the presentation of written findings for his signature, the court might have altered, amended, stricken out or added to them, as his knowledge, gained by seeing and hearing the witnesses, might dictate.

The death of the trial judge at this point in the progress of the case caused a mistrial as certainly as would the death of a juror after having heard the evidence and before a verdict was rendered. No one will contend that one jury may hear the evidence and another and different jury render the verdict; and yet, in effect, that is exactly what was done here. The findings of fact by a judge to whom the cause was submitted take the place of and have the effect of a verdict by a jury. Had Judge Gilliam made findings of fact in the manner in which the statute requires, no doubt his successor or some other judge, under such circumstances as we have here, might, from the findings already made by the judge who tried the case, have drawn the conclusions of law which properly flowed from the facts found, and thereafter have entered judgment accordingly.

The question seems too simple to justify further argument. Authorities seem to be few, but such as have been called to our attention hold in accordance with these views. *Company A, First Regiment, etc. v. State,* 55 N. D. 897, 215 N. W. 476, 54 A. L. R. 948; *Wainwright v. P. H. & F. M. Roots Co.,* 176 Ind. 682, 97 N. E. 8; *In re Guardianship of Sullivan,* 143 Cal. 462, 77 Pac. 153; *Clanton v. Ryan,* 14 Colo. 419, 24 Pac. 258.

The judgment and the findings of fact upon which

it is based will be set aside and reversed, and the cause is remanded with instructions to proceed regularly to a trial on the merits as though no previous trial had been attempted.

HOLCOMB and BEELER, JJ., concur.

MITCHELL, J. (dissenting)—I dissent. Under our statutes and former decisions, the remedy is by appeal.

PARKER, J., concurs with MITCHELL, J.

