[No. 2105.   Decided March 12, 1896.]

THE STATE OF WASHINGTON, *on the Relation of J. H. Blake, Respondent,* v. R. A. MORRIS, *Appellant.*

JURISDICTION OF COURTS — CONTESTED ELECTION OF COUNCILMAN — QUO WARRANTO.

The jurisdiction to entertain *quo warranto* to determine who is entitled to the office of councilman of a city, under art. 4, § 6 of the constitution, providing that the superior court shall have original jurisdiction of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court, is not ousted by Gen. Stat., § 634, providing that the city council shall judge of the qualifications of its members and of all election returns, as the latter statute affords merely a cumulative remedy.

The determination by a city council as to the qualification of a councilman under a statute providing that the city council shall judge of the qualifications of its members, merely establishes a *prima facie* right in the successful party, and does not prevent a subsequent proceeding by *quo warranto* in the superior court, where the council has not passed any ordinance or made any provision for the carrying on or determining of such contests.

Appeal from Superior Court, King County — Hon. J. W. LANGLEY, Judge.   Affirmed.

*Fred H. Peterson,* for appellant.

*Frank H. Knapp,* and *Richard Winsor,* for respondent.

The opinion of the court was delivered by

SCOTT, J.—This is a proceeding in *quo warranto* to determine whether the relator Blake or the defendant Morris is entitled to the office of councilman of the City of Ballard.   The court found in favor of Blake and Morris has appealed.

It is contended that the court had no jurisdiction in the premises for the reason that § 634, ch. 6, Gen. Stat., provides that:

" The city council shall judge of the qualifications of its members and of all election returns, and determine contested elections of all the city officers."

We are of the opinion that the court had jurisdiction to entertain the proceeding, notwithstanding this. Sec. 6, art. 4 of the state constitution provides that:

" The superior court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court."

Sec. 679, Code Proc., provides for the filing of an information " When any person shall usurp, intrude upon, or unlawfully hold or exercise any public office," etc., and " When several persons claim to be entitled to the same office," etc.

The clause of § 634, *supra*, quoted, does not expressly attempt to oust the superior court of jurisdiction in such cases, and it is not necessary, therefore, to consider its validity, as it can stand as a cumulative remedy." *People v. Bingham*, 82 Cal. 238 (22 Pac. 1039).

It is further contended by appellant that a proceeding was had — both parties participating — before the city council to determine said matter, which resulted in favor of appellant. But it appears that the city council had not passed any ordinance or made any provision for the carrying on or the determination of such contests, and their action could result in nothing more than establishing a *prima facie* right to the office, which would be subject to a subsequent contest in a proceeding of this nature. Paine, Elections, § 867.

It is further contended that the court erred in rejecting certain ballots which appellant claims should have been counted for him, but, conceding that this were true, it appears that other ballots which were re-

jected should also, under that same contention, have been counted for Blake, which would still leave him a majority over appellant.

Affirmed.

HOYT, C. J., and DUNBAR, ANDERS and GORDON, JJ., concur.