[No. 16592. *En Banc.* August 18, 1921.]

# THE STATE OF WASHINGTON, *on the Relation of Thomas E. Skaggs, as Director of Business Control, Plaintiff,* v. EVERETT SMITH, *Judge of the Superior Court for King County, Respondent.*[1]

PROHIBITION (33)—JURISDICTION AND PROCEEDINGS—OBJECTIONS IN LOWER COURT. The writ of prohibition may properly issue from a supervisory to an inferior court, without a previous application to the inferior court for relief, where something is done by the inferior court from which the inference may fairly be drawn that, unless prohibited, such court will act beyond and in excess of its jurisdiction; or where the question involved relates to public affairs and interests, and a prolonged trial may prove detrimental to such affairs and interests.

SAME (20, 22)—GROUNDS—EXCESS OF JURISDICTION—CONTEMPT PROCEEDINGS. A citation of an administrative officer for contempt, for failing to deliver a prisoner to an institution that was closed, is subject to a writ of prohibition as in excess of the jurisdiction of the court and interfering with the duties of the officer, where, in habeas corpus proceedings for the discharge of a woman detained in custody under sentence to confinement in the Women's Industrial Home, to which she had been refused admission on the ground that it was closed, it appears that the administrative officer, charged with the control of the institution, was not a party to the record, nor responsible for its closing, and without power to cause it to be reopened.

Application filed in the supreme court June 3, 1921, for a writ of prohibition to prevent the superior court for King county, Smith, J., from proceeding with a cause. Granted.

*The Attorney General,* for relator.
*Beeler & Sullivan,* for respondent.

FULLERTON, J.—On April 25, 1921, one Lucile Brown was convicted of the crime of vagrancy, in a justice's court for King county, and committed by that court

[1]Reported in 200 Pac. 92.

to the institution known as the women's industrial home and clinic.  After her commitment, she was placed in the custody of the sheriff of the county, and was by him detained in the county jail to await the coming of a guard to transfer her to the institution named.  No guard appeared within the seven days fixed by the statute, whereupon she applied to the superior court of King county for a writ of habeas corpus, alleging in her petition that she was detained by the sheriff against her consent and without authority of law.  The writ applied for was granted, and the application came on for hearing before the court on May 6, 1921, Honorable Everett Smith presiding.  At the conclusion of the hearing, the court made and entered the following order:

"This cause having come on regularly for hearing before the undersigned, one of the judges of said court, on the 5th day of May, 1921, the petitioner being present in person and represented by Beeler & Sullivan, her attorneys, and the respondent being represented by Chester A. Batchelor, deputy prosecuting attorney, and the matters connected with said petition having been duly advised therein and finding that the petitioner Lucile Brown, was on the 25th day of April, 1921, duly and regularly committed to the women's industrial home and clinic at Medical Lake, by Honorable C. C. Dalton, justice of the peace, in and for Seattle precinct, King county, state of Washington, and that the respondent, Matt Starwich, sheriff of King county, Washington, has since said 25th day of April, 1921, been holding said petitioner, Lucile Brown, in the county jail of King county, Washington, awaiting a guard from the said women's industrial home and clinic, and it further appearing that no guard has arrived from said women's industrial home and clinic, and that more than seven days since the date of her commitment has expired, and it further appearing to the court that said

petitioner should be forthwith removed from the King county jail to the women's industrial home and clinic at Medical lake, and the court being fully advised in all the facts and premises;

"It is now by the court adjudged and ordered that the petition of said Lucile Brown for a writ of habeas corpus herein be and the same is hereby denied to which petitioner excepts and exception is hereby allowed.

"It is further ordered by the court that Mrs. Jackson Silbaugh, a satisfactory and suitable woman be and she is hereby appointed guard of the said Lucile Brown, and said Mrs. Jackson Silbaugh shall be and she is hereby directed and ordered to forthwith take the said Lucile Brown from said King county jail to said women's industrial home and clinic at Medical lake, Spokane county, Washington, and to deliver her to the superintendent and officials thereof, to which the petitioner excepts and exception is hereby allowed."

Pursuant to the order, the guard caused the applicant to be transported to the institution named. She found no one in charge of the institution who would receive the prisoner, whereupon she returned her to the sheriff of King county, making and filing with the court an affidavit as follows:

"Mrs. Jackson Silbaugh, being first duly sworn, upon oath, deposes and says: That she is the duly appointed, qualified and acting traveling guard, appointed by the superior court of King county, state of Washington, for the purpose of accompanying Lucile Brown, sentenced to the women's industrial home and clinic at Medical lake in Spokane county, state of Washington; that she did, on the 9th day of May, 1921, take said Lucile Brown to said women's industrial home and clinic at Medical Lake, presented said Lucile Brown to the superintendent of said women's industrial home and clinic, and requested the superintendent in charge to take charge of said Lucile Brown and care for her in accordance with order directing that said Lucile Brown

be sent to women's industrial home and clinic at Medical lake, in case No. 150869 in the superior court of the state of Washington, for King county; that the superintendent, Margaret Gillam, notified this affiant that said home had been closed and that she would not receive said Lucile Brown as an inmate thereof, and thereupon refused to take over the custody of said Lucile Brown or to permit her to enter said women's industrial home and clinic.''

Thereafter, the applicant for the writ, through her attorneys, applied to the court for an order directed to the relator in the proceeding now before us, as the director of business control, commanding him upon a day certain to show cause why he should not be punished as for a contempt of court. The application was accompanied by the affidavit of Lucile Brown, in which she recited in substance the matters hereinbefore stated. The application was heard on May 31, 1921, whereupon the court entered the following order:

''This matter having come on for hearing on the written motion of Beeler & Sullivan, as attorneys for Lucile Brown, and on the sworn affidavit of the said Lucile Brown, for an order directing the Honorable Thomas E. Skaggs as director of business control, one of the state administrative departments of the state of Washington, to show cause why he should not be adjudged as in contempt of court; and it appearing to the court from the affidavit of the said Lucile Brown, which is on file herein, that on or about the 25th day of April, 1921, she was duly and regularly committed to the women's industrial home and clinic at Medical lake, Spokane county, Washington, as is more clearly shown by Exhibit 'A' attached to the affidavit of the said Lucile Brown; and it further appearing to the court that the said Lucile Brown was thereafter, to-wit: on the 6th day of May, 1921, directed by this court to be taken to the said women's industrial home and clinic, and that thereafter, to-wit, on or about the 9th day of May, 1921, the said Lucile Brown, in custody of

a guard appointed by this court to take her to said institution, was thereupon taken by said guard to said women's industrial home and clinic, and offered to the superintendent in charge thereof, but that said superintendent then and there neglected, failed and refused and still refuses to take said Lucile Brown and confine her in said institution; and the court being fully advised in the contents of said affidavit, and the records and files in this cause, and having examined the exhibits, and being fully advised in the premises:

"It is now by the court adjudged and ordered that the said Thomas E. Skaggs, as director of business control, be and he is hereby ordered and directed to be and appear before the Honorable Everett Smith, one of the judges of the superior court of King county, state of Washington, in Department No. 8 thereof, on Saturday the 4th day of June, 1921, at the hour of 10:30 o'clock a. m., then and there to show cause, if any he has, why he should not be punished as for contempt of court, for having failed to accept, receive, take and commit the said Lucile Brown to the said women's industrial home and clinic at the time she was presented by the guard appointed by the court to take and deliver her to said women's industrial home and clinic.

"It is further ordered that a certified copy of this order may be served upon Thomas E. Skaggs, as director of business control, by any officer of Thurston county competent to make service of process."

Upon the service of this last mentioned order on the relator, he applied to this court for a writ prohibiting the court from further proceeding with the cause, basing the application upon the ground that the court was acting without and in excess of its jurisdiction. In his petition for the writ, after reciting the proceedings had in the court below, he sets forth—what the court perhaps knows judicially, in any event—that there was no appropriation by the legislative department of the state for the maintenance, during the present biennium, of

the institution known as the women's industrial home and clinic; and that, in consequence, the institution was closed to the reception of inmates on April 1, 1921, and has been so closed since that time; that he, as director of business control, has no power or authority to direct it to be opened for the reception of persons committed thereto, nor power or authority to incur obligations for its maintenance obligatory upon the state, should it be so opened; since to do so would be to expend a greater sum of money than was appropriated by the legislature for the use of the institution, an act positively prohibited by law, rendering him liable to punishment as for a misdemeanor, and rendering him liable personally and upon his official bond for the liabilities incurred. He further set forth that he was not a party to any of the proceedings had in the superior court; that no notice of any of the hearings had in that court was served upon him; and that the first notice thereof so served was the order of May 31, 1921, by which he was directed to appear before the court and show cause why he should not be punished as for a contempt. The return of the judge of the superior court, filed in answer to the alternative writ issued out of this court, does not contravert the allegations of the petition, further than it is alleged therein:

"That it was the opinion and conclusion of respondent upon the facts alleged in the affidavit upon which the said order to show cause directed to relator Skaggs herein, dated May 31, 1921, was based, and from all the files and records in said habeas corpus proceedings, that said women's industrial home and clinic was, at the time of making such order and at the time when said Lucile Brown was taken thereto as aforesaid, actually and lawfully open for the reception of inmates."

In this court, counsel for the respondent makes the preliminary objection that the application for a writ of prohibition is premature, invoking the general rule that the supervising court will not issue a peremptory writ of prohibition against an inferior court until application is made to that court for relief and the court has in some way indicated that its decision will be adverse to the objector, and then only when there is no remedy by appeal. But to this general rule there are exceptions as well established as the rule itself. If something is done by the court from which the inference may fairly be drawn that the court, unless prohibited, will act beyond and in excess of its jurisdiction, so that it is reasonably certain that any application to it will prove futile; or where the question involved relates to public officers, or public affairs and interests, and a prolonged trial may prove detrimental to such affairs and interests, application for relief to the supervisory court on the ground of want of jurisdiction may be made without first suggesting the question to the court of trial. The exceptions are applicable in the present instance. The trial court has already prejudged the main issue. This not only appears from the fact that it caused the party before it to be conveyed to the site of the institution to which she was committed and tendered to some person found in charge thereof, and from the fact that the order served upon the relator is to answer as for a contempt in refusing to receive the committed person, but also from the fact that the court recited in its return that it was its "opinion and conclusion . . . upon the facts . . . and from all the files and records . . . that the women's home and clinic . . . was actually and lawfully open for the reception of inmates." Necessarily, before the

relator can be punished for contempt for refusing to confine a person committed to the institution, it must be established that the institution is open for the reception of the committed person. This question the relator has had no opportunity to meet; it has been so adjudged without notice to him, and he can have no defense in the court to which he is cited to the charge made against him. Obviously it would seem that he should be permitted to inquire into the jurisdiction of the court to compel him to answer, before he is subjected to punishment.

The other ground suggested is likewise pertinent. The relator is a state officer. His duties are arduous and cover a wide field in state affairs. The charge against him here is in its effect malfeasance of official duty, and a defense to the charge will necessarily take him from the discharge of his official duties for a considerable period of time. Plainly, before the state should be thus deprived of his services, it ought to be clear that the court proceeding against him has jurisdiction to so proceed. We think, therefore, that the case is one where the relator may rightfully invoke the writ, and we hold that the proceedings are not improvidently taken.

On the principal question involved there is need of but little discussion. Plainly the court is proceeding in excess of its jurisdiction. The proceeding before it was one in habeas corpus by a woman convicted of a crime in a justice court and held under the sentence of that court, who charges that she is detained without authority of law. Doubtless the court, in virtue of the proceedings, had power and authority to inquire into the jurisdiction of the court in which the conviction was had, and into the regularity of the commitment under the judgment of conviction. It had jurisdiction,

also, to inquire whether the convicted person is being confined in the institution to which she was committed, and it could, if it is found that the person is not so confined, direct that she be transferred to the proper institution or be discharged. But the court has gone much farther than this. It has determined that the institution known as the women's industrial home and clinic, although actually closed by the executive department of state against the reception of inmates, is not lawfully so closed, and is seeking to punish as for contempt a state officer not a party to the record, who is in no wise responsible for its closing and who is without power to cause it to be re-opened, for refusal to receive a person committed thereto for confinement therein. The statement of the proposition exposes its fallacy. There may be a proper proceeding by which the courts can inquire into the question whether the institution named is or is not lawfully closed. But it must be a proceeding instituted for that purpose, in which the parties responsible are made parties and given an opportunity to defend. Habeas corpus is manifestly not such a proceeding.

Let the alternative writ heretofore issued be made peremptory.

PARKER, C. J., BRIDGES, MAIN, HOLCOMB, TOLMAN, and MACKINTOSH, JJ., concur.

MITCHELL, J., concurs in the result.