[No. 18348.  *En Banc.*  January 25, 1924.]

THE STATE OF WASHINGTON, *on the Relation of W. E. Ransom, Plaintiff,* v. I. L. McPHERSON, *Respondent.*[1]

ELECTIONS (56)—CONTESTS—AUTHORITY OF OFFICERS—"PRECINCTS" —CITIES. Rem. Comp. Stat., § 5344, relating to the decision of a tie in the election of county and precinct officers, has no application in the case of a tie vote for city clerk in a city of the third class.

Appeal from a judgment of the superior court for Spokane county, Oswald, J., entered July 9, 1923, in favor of the defendant, in an action in the nature of *quo warranto,* after a hearing to the court. Affirmed.

*John Pattison,* for plaintiff.

*F. M. Williams* and *E. B. Quackenbush,* for respondent.

MITCHELL, J.—The relator, W. E. Ransom, claiming the right to the office of clerk of the city of Hillyard, instituted this action in the nature of *quo warranto* against I. L. McPherson, the incumbent of that office. The judgment of the superior court was against the relator.

The parties were rival candidates for the office at a city election held on May 8, 1923, at which time the respondent was city clerk. At the election each candidate received four hundred and forty-nine votes. Upon the tie, the county auditor gave notice to both parties, to which the respondent gave no further attention, of a time when at his office he would decide by lot which of the two should be declared elected to the office. The county auditor decided by lot, declared the appellant elected, and made out and delivered to him a certificate to that effect.

[1] Reported in 222 Pac. 486.

The appellant not having been elected by ballot, that is not having received a majority of the votes cast, insists upon the right to the office because of the county auditor's action and declaration to that effect, claiming that the county auditor was authorized in the premises by § 5344, Rem. Comp. Stat. [P. C. § 2181], as follows:

"If the requisite number of county or precinct officers shall not be elected by reason of two or more persons having an equal and highest number of votes for one and the same office, the county auditor shall give notice to the several persons so having the highest and an equal number of votes to attend at the office of the auditor at the time to be appointed by said auditor, who shall then and there proceed publicly to decide by lot which of the persons so having an equal number of votes shall be declared duly elected and the said auditor shall make out and deliver to the person thus declared duly elected a certificate of his election, as hereinbefore provided."

By the plain terms of the statute it comprehends only county and precinct offices. Certainly the office of clerk of Hillyard is not a county office, nor is it a precinct office. Hillyard is a city of the third class, a separate and distinct municipal corporation managing its own affairs. Under the rule that an election contest is not a matter of judicial cognizance unless expressly made so by statute, it became necessary in the case of *Whitten v. Silverman,* 105 Wash. 238, 177 Pac. 737, to decide if a diking district was a precinct within the statute authorizing contests of elections for county and precinct offices. The problem was determined in the negative for the reason that, while a diking district may not be a municipal corporation in the sense that a city or town is, it nevertheless is a public organized entity possessing and exercising independent existence and powers in the management of its own

affairs. It was further stated therein that if, under the statutes, a diking district was an arm of the county government and its affairs in some considerable measure subject to control by county authorities, that then there might be some substantial ground for arguing that it would be a precinct within the meaning of the statute upon the subject of judicial power in election contests. The same principle and reasoning applies here. A city is separate and distinct as a municipal corporation from the county in which it may be situate, and it is not a precinct as that term is used in the section of the code upon which the appellant relies.

Affirmed.

All concur.