[No. 20867. Department Two. April 9, 1928.]

## J. E. MALINOWSKI, *Respondent*, v. H. J. TILLEY, *Appellant*.[1]

[1] ELECTIONS (56) — CONTESTS — JURISDICTION — SCHOOL DISTRICTS. Rem. Comp. Stat., §§ 5366-5382, providing for election contests as to certain county and precinct elections, has no application to school district elections, and the courts have no jurisdiction over contests in the absence of express statutory authority therefor.

Appeal from a judgment of the superior court for Grays Harbor county, Campbell, J., entered June 8, 1927, upon findings in favor of the plaintiff, in an election contest, tried to the court. Reversed.

*Theodore B. Bruener,* for appellant.

FULLERTON, J.—At an election held on December 4, 1926, in school district No. 117, Grays Harbor county, the appellant, Tilley, and the respondent, Malinowski, were rival candidates for the office of school director. The election officers conducting the election found that the appellant had been elected by a majority of six votes, and issued a certificate of election to him. He thereupon qualified as such director and assumed the duties of the office. Within ten days after the appellant had been declared duly elected to the office, the respondent filed a written statement in the superior

[1]Reported in 266 Pac. 166.

court, under the statute relating to election contests (Rem. Comp. Stat., §§ 5366-5382) [P. C. §§ 2121-2139], seeking to have the certificate of election granted to the appellant annulled. As grounds for the proceedings, he alleged, first, that no legal or sufficient notice of the election had been given; second, that the polls were closed before the time permitted by law, whereby certain electors had been denied the right to vote; and, third, that there were illegal votes cast at the election.

The appellant took issue on the allegations of the statement, and a trial was entered upon in the superior court.

[1] At the beginning of the trial, the respondent asked and was granted leave to amend his statement by adding thereto a fourth ground of contest, namely, that the election was void because the school district had not been, prior to the election, divided into directors' districts, as required by the statutes.

The trial court, at the conclusion of the evidence, refused to sustain any of the original grounds of contest, but found the fourth ground well taken, entering a judgment cancelling and annulling the election certificate granted to the appellant.

We have not been favored with an argument on the part of the respondent, and the record itself does not disclose the reasons which moved the court to its conclusion. The appellant contends, however, that the court was without jurisdiction of the proceedings for the reason that the statute under which the respondent proceeded is without application to an election contest for the office of school director. The precise question has never heretofore been before us, but we have had before us a number of analogous cases which, in principle, control the question. In *State ex rel. Fawcett v. Superior Court,* 14 Wash. 604, 45 Pac. 23, 33 L. R. A. 674, it was sought to contest an election for

the office of mayor of the city of Tacoma under the statute, and we held that the proceedings would not lie. We applied the same rule in *Whitten v. Silverman,* 105 Wash. 238, 177 Pac. 737, where it was sought to contest the election of commissioners for a diking district, and in *State ex rel. Ransom v. McPherson,* 128 Wash. 265, 222 Pac. 486, where it was sought to contest the election of a city clerk. The ground upon which the decisions are rested is, that the right to hear and determine an election contest is not ordinarily a judicial function of the courts, and can be exercised by them only when and to the extent the right is conferred by statute. The rule was applied in the cited cases, because the elections there sought to be contested were to officers not enumerated in the statute. Since the office of school director is likewise not enumerated in it, a like rule must be applied.

The judgment is reversed, with instructions to dismiss the proceedings.

MACKINTOSH, C. J., HOLCOMB, MAIN, and ASKREN, JJ., concur.