[No. 21583. *En Banc.* October 29, 1928.]

THE STATE OF WASHINGTON, *on the Relation of A. E. Mills, Petitioner,* v. THE SUPERIOR COURT FOR KITSAP COUNTY, *Respondent.*[1]

*Ray R. Greenwood,* for relator.
*H. E. Gorman,* for respondent.

MAIN, J.—This is an application for a writ of prohibition. The matter was heard on the 5th day of this month and, owing to the emergency thereof, an order was entered directing that the writ issue and reciting that an opinion of the court would follow later.

[1] Reported in 271 Pac. 333.

At the primary election, held September 11, L. L. Lent and A. E. Mills were rival candidates for the Republican nomination for the office of member of the house of representatives from the thirty-second district, the boundaries of which coincide with the boundaries of Kitsap county. The canvass of the returns showed that Mr. Mills received 2,867 votes and Mr. Lent 2,866. A certificate of nomination was issued by the county auditor to Mr. Mills. The canvass of the returns was completed by the canvassing board on the 19th day of September, 1928.

On the 22nd day of September, Mr. Lent filed an affidavit in the superior court for Kitsap county, charging certain irregularities in the primary election and praying for an order directing the county auditor not to print the name of Mr. Mills upon the general election ballot. A citation was issued on the 22nd day of September, the return date thereof being on Friday, September 28. Tuesday, September 25, the relator served an additional and supplemental affidavit in which were set out new and additional grounds of contest. The respondent moved to strike the supplemental affidavit on the ground that, it having been filed after the time specified in the statute, the court had no jurisdiction to hear such grounds of contest. The motion to strike was by the trial court denied, and an application was here made for a writ of prohibition to prevent the court from hearing or considering any grounds of contest not set out in the first or original affidavit.

The question is whether the trial court had jurisdiction to hear and determine the matters set out in the supplemental affidavit. As stated, these were new and additional grounds of alleged irregularities and not amplification of, or making more definite and certain, the grounds which were embodied in the orig-

inal affidavit. The court has no inherent jurisdiction to hear election contests and such a proceeding is not according to the course of the common law. The right of the court to hear and determine such a matter, if it exists, must be found in the statute. Beyond the power given by the statute, the court has no jurisdiction in election contests. *Whitten v. Silverman,* 105 Wash. 238; 177 Pac. 737; *State ex rel. Ransom v. McPherson,* 128 Wash. 265, 222 Pac. 486; *Malinowski v. Tilley,* 147 Wash. 405, 266 Pac. 166.

Section 5202, Rem. Comp. Stat., provides for the contesting of primary elections which shall be initiated by affidavit, and recites:

"Any candidate at such primary election who may desire to contest the nomination of any candidate for the same office at said primary election may proceed by such affidavit so presented: Provided, that such affidavit may be presented within five days after the completion of the canvass by said canvassing board, and not later, and the candidate whose nomination is so contested shall, by order of such judge, duly served, be required to appear and abide by the orders of the court to be made therein."

It will be observed that here is an express provision that the affidavit be presented "within five days after the completion of the canvass by said canvassing board, and not later." In *State ex rel. Mills v. Howell,* 93 Wash. 257, 160 Pac. 760, it was in effect held that the statutory requirement as to the time in which the affidavit could be presented was mandatory. In the present case, from the facts above stated, it appears that the supplemental affidavit was filed more than five days after the completion of the canvass by the canvassing board and set up new and additional grounds of contest not embodied in the original affidavit. In jurisdictions where the right to hear and determine an election contest is statutory, the rule is

that the notice or pleadings cannot be amended so as to introduce new grounds of contest after the time specified in the statute. In 20 C. J., p. 234, it is said:

"Except in jurisdictions where election contests are governed by the general rules of chancery practice, the general rule is that the notice or pleadings cannot be amended so as to introduce new parties, or new grounds of contest, at least after the time for filing the original pleading or notice has expired, and this is especially true where no good reason is given for not presenting the new matter in the original pleading."

In *Felts v. Edwards,* 181 Ky. 287, 204 S. W. 145, it is said:

"While it has been frequently held that where a ground of contest is defectively stated in the petition a plaintiff may cure it by an amended petition filed after the time provided by law in which to file an original petition, he cannot introduce any new ground of contest in such amendment."

The court had no jurisdiction to hear and determine the new grounds of contest set out in the supplemental affidavit because the provisions of the statute are jurisdictional. In *Harmon v. Tyler,* 112 Tenn. 8, 83 S. W. 1041, referring to statutes governing election contests, it was said:

"Their provisions are jurisdictional, and must be complied with in order to authorize the chancellor, before whom the proceedings are begun, to hear and determine them."

In *Kitt v. Holbert,* 30 Ariz. 397, 248 Pac. 25, it was held that election contests under the statutes of Arizona were special statutory proceedings, and amendments of a jurisdictional nature could not be made to the statement of the grounds of contest after the expiration of the time fixed by the statute.

It thus appears that the court in the present case had no power, under the statute of this state, to hear

and determine any ground of contest not filed within the five-day limit.

In refusing to grant the motion to strike the supplemental affidavit and assuming to hear the grounds stated therein, the court was acting beyond, or in excess of, the jurisdiction conferred by the statute. There was no speedy and adequate remedy by appeal or by writ of certiorari. The proper remedy was by prohibition. *State ex rel. Wood v. Superior Court,* 76 Wash. 27, 135 Pac. 494; *State ex rel. Skaggs v. Smith,* 116 Wash. 572, 200 Pac. 92.

Since an order has already been entered directing that the writ of prohibition issue, it is unnecessary here to give any direction in that regard.

FULLERTON, C. J., MITCHELL, PARKER, BEALS, ASKREN, FRENCH, and TOLMAN, JJ., concur.