[No. 27429. *En Banc.* February 21, 1939.]

THE STATE OF WASHINGTON, *on the Relation of Charles F. Ernst, as Director of the Department of Social Security, et al., Plaintiff,* v. THE SUPERIOR COURT FOR THURSTON COUNTY, *John M. Wilson, Judge, Respondent.*[1]

[1]Reported in 87 P. (2d) 294.

134

*The Attorney General* and *Lyle L. Iversen, Assistant,* for relators.

*Allen, Froude & Hilen,* for respondent.

SIMPSON, J.—This is an original proceeding in this court by which relators seek the issuance of a permanent writ of prohibition restraining respondent from further proceedings in four actions brought against them.

The Prudential Insurance Company of America, the Northwestern Mutual Life Insurance Company, the Aetna Life Insurance Company, and the New England Mutual Life Insurance Company, each instituted an action in the superior court of Thurston county during the year 1938, under the provisions of the uniform declaratory judgment act of this state, Rem. Rev. Stat. (Sup.), §§ 784-1 to 784-17 [P. C. §§ 8108-21 to 8108-37] (Laws of 1935, chapter 113, p. 305, as amended by Laws of 1937, chapter 14, p. 39), for the purpose of having its status or legal relations as affected by Rem. Rev. Stat. (Sup.), § 9998-119 [P. C. § 6233-317], subd. (g) (5), Laws of 1937, chapter 162, pp. 611-612, § 19 (g) (5), of the unemployment compensation act determined.

The complaints, for all practical purposes, are identical in their allegations.

The pertinent portions of each complaint allege that the company is engaged in the life insurance business in the state of Washington, doing its business through local agents; that the matter of negotiating contracts of life insurance on behalf of the company is left entirely and exclusively to the agents, who conduct and operate such business entirely as independent contractors, wholly distinct and separate from any business carried on by the company.

It is also alleged that the defendants, relators here, contend the agents are employees engaged in employment for the company as defined in the unemployment compensation act, and are demanding of plaintiff that it pay contributions provided by the act, and if the act is thus construed to apply to the agents' contracts, such construction would be in contravention of Art. 1, § 10 and the fourteenth amendment to the constitution of the United States, and Art. 1, §§ 3, 7, 12, and 23 of the constitution of the state of Washington.

Relators then answered, disclaiming any present intention to levy or collect any contribution upon the earnings of the company's agents, and asked that the actions be dismissed. The court denied the motions to dismiss, whereupon relators filed a petition for a writ of prohibition in this court.

Relators contend that the question of determining whether services of the agents of the companies constitute employment within the meaning of the act, is, in accordance with the provisions of the act, exclusively one to be determined by the director of the department of social security, and that the superior court has no jurisdiction to determine the matters presented by the complaints.

For the purpose of this opinion, we will assume,

without deciding, that the superior court does not have jurisdiction to decide the propositions presented by the complaints.

This court is empowered by virtue of Art. IV, § 4, of the state constitution, and Rem. Rev. Stat., §§ 1027 and 1028 [P. C. §§ 8386, 8387], to issue writs of prohibition, which statutes, respectively, read:

"The writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal, corporation, board or person, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person."

"It may be issued by any court, except police or justices' courts, to an inferior tribunal, or to a corporation, board or person, in all cases where there is not a plain, speedy and adequate remedy in the ordinary course of law. It is issued upon affidavit, on the application of the person beneficially interested."

 The writ of prohibition is a drastic remedy, and can be resorted to against a judicial tribunal only in strict accordance with the statute which permits its issuance, and is never favored where the party may invoke other remedies provided by law. It should only be granted when there is something in the nature of the proceeding that makes it manifest that the rights of the parties to the action cannot be sufficiently protected by any other legal remedy.

The general rule is stated in 22 R. C. L. 9, as follows:

"In the absence of a statute expressly permitting it, the general rule is that prohibition, being an extraordinary writ, cannot be resorted to when ordinary and usual remedies provided by law are adequate and available. Accordingly if a complete remedy lies by appeal, writ of error, writ of review, certiorari, injunction, mandamus, motion for change of venue, or in any other manner, the writ should be denied. Even an indirect and inconvenient remedy may be sufficient to prevent the issuance of a writ."

The coincidence of two factors is necessary to the issuance of a writ of prohibition: (1) Absence or excess of jurisdiction, and (2) the absence of a plain, speedy, and adequate remedy in the course of legal procedure. The absence of either one precludes the issuance of the writ.

In *State ex rel. Walker v. Superior Court,* 148 Wash. 610, 270 Pac. 126, the court quoted with approval *State ex rel. Meyer v. Clifford,* 78 Wash. 555, 139 Pac. 650, as follows:

"The office of a writ of prohibition is to arrest proceedings which are 'without or in excess' of the jurisdiction of the particular tribunal whose acts are sought to be reviewed. The writ is available only where the tribunal is proceeding 'without or in excess' of jurisdiction, and then only where there is no adequate remedy either by appeal or by writ of error [certiorari]. *State ex rel. Griffith v. Superior Court,* 71 Wash. 386, 128 Pac. 644; *State ex rel. Mackintosh v. Superior Court,* 45 Wash. 248, 88 Pac. 207."

The following cases are of like import: *State ex rel. Miller v. Superior Court,* 40 Wash. 555, 82 Pac. 877, 111 Am. St. 925, 2 L. R. A. (N. S.) 395; *State ex rel. Peterson v. Superior Court,* 67 Wash. 370, 121 Pac. 836; *State ex rel. Potter v. Superior Court,* 135 Wash. 344, 237 Pac. 717; *State ex rel. Nelms v. Superior Court,* 149 Wash. 50, 270 Pac. 128; *State ex rel. Mills v. Superior Court,* 149 Wash. 473, 271 Pac. 333; *State ex rel. Grays Harbor R. & L. Co. v. Denney,* 150 Wash. 690, 274 Pac. 791; *State ex rel. Canadian Bank of Commerce v. Superior Court,* 162 Wash. 377, 298 Pac. 716.

The reason for the rule announced in the cited cases is twofold. First, Rem. Rev. Stat., § 1028, only authorizes the issuance of a writ when "there is not a plain, speedy and adequate remedy in the ordinary course of law." The second reason is contained in

the following statement in *State ex rel. Miller v. Superior Court, supra:*

"It is the general policy of our law that cases shall come to this court but once, and that the decision of this court shall be based on the merits of the entire controversy. The question here presented is no exception to this rule. There are additional reasons why applications of this kind should not be favored. Such applications are usually submitted in an informal manner, without adequate briefs, and often without an appearance by the adverse party. Such practice is not conducive to a proper consideration, or correct decision, of important questions of law in an appellate court. We again announce the rule that the adequacy of the remedy by appeal, or in the ordinary course of law, is the test to be applied by this court in all applications for extraordinary writs, and not the mere question of jurisdiction or lack of jurisdiction; and that the adequacy of the remedy by appeal does not depend upon the mere question of delay or expense. There must be something in the nature of the action or proceeding that makes it apparent to this court that it will not be able to protect the rights of the litigants or afford them adequate redress, otherwise than through the exercise of this extraordinary jurisdiction."

We are mindful of the reasons given for the issuance of the writ in *State ex rel. Skaggs v. Smith,* 116 Wash. 572, 200 Pac. 92. That case is inapplicable here for the reason that there is no showing in the case at bar, aside from the mere conclusion contained in the application for a writ, that the relators will be taken from the discharge of their duties for any considerable length of time.

It cannot be conceded that the questions presented by the pleadings will absorb the attention of the trial court or compel the attendance of relators for any considerable extended period of time. To hold that state officers, as such, are to be allowed exemptions

from the rule applied to other litigants, would not be in keeping with the provisions of the statute.

We are satisfied an appeal will lie from the judgment of the superior court in the cases before it. Each complaint alleges that the amount in controversy is in excess of two hundred dollars, and it will be observed that the pleadings raise the issue as to whether the act can be constitutionally applied to the plaintiffs. The appeal would afford relators that speedy and adequate relief anticipated by the statute should they feel aggrieved by the judgment of the superior court, and, therefore, we refrain from passing on the merits of the cases at this time.

The writ is denied.

MAIN, BEALS, STEINERT, ROBINSON, JEFFERS, and MILLARD, JJ., concur.

BLAKE, C. J. (dissenting)—I dissent. In *Acme Finance Co. v. Huse*, 192 Wash. 96, 73 P. (2d) 341, 114 A. L. R. 1345, the court, under the cloak of the declaratory judgment act, assumed "revisionary power" over enactments of the legislature. Now, under the same ample mantle, it assumes administrative functions reposed, by legislative enactment, in a department of the state government. What the superior court is proposing to do, and what this decision permits it to do, is to determine, in the first instance, what constitutes *employment* under the unemployment compensation act. Laws of 1937, chapter 162, p. 611, § 19 (g). No authority for the assumption of such jurisdiction can be found in that act; for, in defining what constitutes employment under the act, it is provided in § 19 (g) (5):

"Services performed by an individual for remuneration shall be deemed to be employment subject to this act unless and until it is shown to the satisfaction of the director that:

"(i) Such individual has been and will continue to be free from control or direction over the performance of such service, both under his contract of service and in fact; and

"(ii) Such service is either outside the usual course of the business for which such service is performed, or that such service is performed outside of all the places of business of the enterprises for which such service is performed; and

"(iii) Such individual is customarily engaged in an independently established trade, occupation, profession or business, of the same nature as that involved in the contract of service."

I do not see how, by the use of symbols of the English language, the authority to determine what constitutes employment could have been more clearly or more definitely reposed in the director of the department of social security. We are not now concerned with the remedies the respondents may have, in case of a ruling adverse to their contentions on the question of what constitutes employment. The issue now is whether the court is empowered to determine that question in advance of a ruling by the director.

Under analogous situations, presented under the industrial insurance act, this court has consistently held that jurisdiction, in the first instance, is exclusively reposed in the department of labor and industries. *Maddox v. Industrial Ins. Commission*, 119 Wash. 21, 204 Pac. 1057; *Cole v. Department of Labor & Industries*, 137 Wash. 538, 243 Pac. 7; *Abraham v. Department of Labor & Industries*, 178 Wash. 160, 34 P. (2d) 457; *Prince v. Saginaw Logging Co.*, 197 Wash. 4, 84 P. (2d) 397. In the first case cited, the court said:

"We think it is plainly apparent that this is nothing but an effort on the part of appellant to bring into the original jurisdiction of the superior court a controversy over which that court does not have any original jurisdiction. It is plain from the provisions

of our workmen's compensation act that the original jurisdiction to determine the classification of injuries received by workmen in extra-hazardous occupations and the amount of awards to be made such injured workmen rests exclusively in the commission, and that such questions must first be decided by the commission before the courts can be resorted to looking to the further consideration of the merits of such controversies. The manner of bringing such controversies into the superior court is by review in the nature of an appeal from the final decision of the commission, the procedure for which is very simple and clearly pointed out in § 6604-20, Rem. Code (P. C. § 3488)."

It may be said that no procedure by appeal from the ruling of the director upon what constitutes employment is provided in the unemployment compensation act. This, however, is immaterial. In the absence of adequate remedy by appeal, certiorari is always available to review rulings of administrative boards and officers.

The declaratory judgment act was never designed to extend jurisdiction of the courts over administrative functions of state departments and officers. Borchard on Declaratory Judgments 156; *Bradley Lumber Co. v. National Labor Relations Board,* 84 F. (2d) 97 (certiorari denied by supreme court). In that case, the court said:

"It is urged that the bill ought to be retained because of its prayer for a declaratory decree concerning the matter of the Board's jurisdiction over appellants. We do not think so. The new power to make a declaratory decree does not authorize a court of equity by declaration to stop or interfere with administrative proceedings at a point where it would not, under settled principles, have interfered with or stopped them under its power to enjoin. The declaratory decree is a useful form of remedy, but the statutory provision for it (Declaratory Judgment Act, 28 U. S. C. A. § 400) does not enlarge the scope of equity jurisdiction to per-

mit its application to controversies which have not yet reached the judicial stage."

Believing that the superior court is threatening to assume jurisdiction of administrative functions which are vested exclusively in the department of social security, I think the writ of prohibition should issue.

GERAGHTY, J. (dissenting)—Believing that, in the first instance, the unemployment compensation act reposes in the director of social security the determination as to who are employed within the purview of the act, and that the declaratory judgment law does not authorize a superior court to interfere with the orderly administrative processes of the executive departments of government, I feel constrained to dissent from the majority opinion.

