[No. 28022. *En Banc.* June 1, 1940.]

THE STATE OF WASHINGTON, *on the Relation of M. G. Tennent, Appellant*, v. THOR C. TOLLEFSON *et al., Respondents.*[1]

[1]Reported in 103 P. (2d) 36.

*Leo Teats, Ralph Teats,* and *Geo. F. Vanderveer,* for appellant.

*Eisenhower & Hunter,* for respondent Cain.

BLAKE, C. J.—February 27th last, a primary election was held in the city of Tacoma for the nomination of municipal officers. Among the nominations to be made were those for the office of mayor. There were five candidates for that office, who received the number of votes opposite their names as follows:

| | |
|---|---|
| Harry P. Cain................... | 8,427 |
| Carl Clubb ..................... | 560 |
| V. M. Ellison................... | 644 |
| G. B. Kerstetter................ | 12,939 |
| M. G. Tennent.................. | 9,311 |

Kerstetter and Tennent, having received a greater number of votes than any of the other candidates, were declared to be the nominees for the office of mayor. The election board ordered ballots and ballot titles to be printed for use at the municipal election to be held on March 12th. Upon these appeared the names of G. B. Kerstetter and M. G. Tennent as the candidates for the office of mayor. Most of these ballots and ballot titles had been delivered to the election board prior to March 8th. By that time, about one hundred absentee ballots had been distributed to voters and about four-fifths of the ballot titles had been installed in the voting machines which were to be used on election day.

At about 1:25 p. m., March 8th, Kerstetter died. At about nine o'clock that evening, the superior court of Pierce county issued an alternative writ of mandamus directing the election board to place the name of Harry P. Cain on the election ballots and ballot

titles in the stead of the name of G. B. Kerstetter or show-cause at 11:00 a. m., March 9th, why it should not do so. A peremptory writ issued at about 2:00 p. m., March 9th. New ballots and ballot titles were printed with the names of Harry P. Cain and M. G. Tennent appearing as the candidates for the office of mayor. Installation of these new ballot titles in the voting machines was completed at about 5:00 p. m., March 11th—the day before the election was to be held. (In passing, it may be said that it appears that voting machines are used exclusively in Tacoma except by absentee voters, who, of course, use printed ballots.)

At the election, held on March 12th, Cain received 18,735 votes to Tennent's 17,113. Notwithstanding Cain's majority, Tennent made demand on the auditor of Pierce county for a certificate of his election to the office of mayor for the term commencing June 3, 1940. The auditor refused, and Tennent brought this action in mandamus to compel the issuance to him of such a certificate. The respondents interposed a motion to quash and a demurrer to the alternative writ, which the court denied and overruled. Judgment was entered, however, denying a peremptory writ.

Relator appeals. His position is that Cain's name was wrongfully placed upon the ballots and ballot titles, and that, notwithstanding Cain received a majority of the votes cast for mayor at the election, he is not entitled to qualify for the office. Relator's argument in support of his position is twofold: (1) That the court was without jurisdiction to issue the peremptory writ of March 9th directing the election board to place Cain's name upon the ballots and ballot titles; (2) that the election board was without power to place his name on the ballots and ballot titles by reason of the following provision of the city charter:

"In the event of the death, withdrawal or disqualification of any nominee for any office prior to the printing of the ballots for the general municipal election, the name of the person receiving the next highest vote for that office, and otherwise qualified shall be substituted therefor."

For the purposes of this decision, the first proposition will be conceded.

The second we think is untenable. At most, the above quoted charter provision imposes a duty upon the election board to substitute the name of the person receiving the next highest vote in the stead of a nominee who has died or withdrawn prior to the printing of the ballots. But it does not place any *limitation* upon the *right* of the election board to do so *after* such event. And the court will not read any such limitation into the charter provision.

In McCrary on Elections, p. 169, § 225, the applicable rule is stated as follows:

"If the statute expressly declares any particular act to be essential to the validity of the election, or that its omission shall render the election void, all courts whose duty it is to enforce such statute must so hold, whether the particular act in question goes to the merits, or affects the result of the election, or not. Such a statute is imperative, and all considerations touching its policy or impolicy must be addressed to the Legislature. But if, as in most cases, that statute simply provides that certain acts or things shall be done within a particular time or in a particular manner, and does not declare that their performance is essential to the validity of the election, then they will be regarded as mandatory if they do, and directory if they do not, affect the actual merits of the election."

Appellant urges, however, that the election board did not exercise a discretion or power vested in it under the charter provision, but acted under the coercion of the peremptory writ of mandamus issued by

the superior court on March 9th. But appellant contends and, for the purposes of this decision, we concede that that writ was void. In law, therefore, it cannot be deemed to have had any force whatsoever.

Whether in fact it did exert a coercive influence on the election board, we cannot determine in this proceeding. This is an action in mandamus by which relator is either attempting to contest an election participated in by more than a third of the entire population of the city of Tacoma or by which he is attempting to try the title to the office of mayor for the term beginning June 3, 1940.

█ If the action be considered in the first aspect—as an election contest—the courts have no jurisdiction to entertain it. 18 Am. Jur. 359; *State ex rel. Fawcett v. Superior Court*, 14 Wash. 604, 45 Pac. 23, 33 L. R. A. 674; *Malinowski v. Tilley*, 147 Wash. 405, 266 Pac. 166; *Morris v. Board of County Commissioners*, 195 Wash. 173, 80 P. (2d) 414.

██ If the action be considered in the second aspect—as a suit to try title to the office of mayor—it must fail for two reasons. First, it is premature because the term for which relator wants a certificate of election does not begin until June 3, 1940. Second, mandamus does not lie to try the title to office. Mechem on Public Offices and Officers, p. 142, § 218.

"If the officers of election refuse or fail to act, mandamus will lie to compel them to discharge their duties as required by statute; but in such cases the writ will not, as a general rule, command such officers to certify that any particular person has been elected.

"2. If there are two or more persons claiming the office, the writ will never issue to require such officers to declare either one elected, but only to command them to execute the duties and exercise the functions conferred upon them by law."

*Quo warranto* is the exclusive remedy for the contest of title to public office. *State ex rel. Heilbron v. Van Brocklin,* 8 Wash. 557, 36 Pac. 495; *State ex rel. Blake v. Morris,* 14 Wash. 262, 44 Pac. 266; *Lynde v. Dibble,* 19 Wash. 328, 53 Pac. 370; *Kimball v. Olmsted,* 20 Wash. 629, 56 Pac. 377; *State ex rel. Dent v. McLennan,* 110 Wash. 16, 187 Pac. 408; *State ex rel. Forstell v. Otis,* 131 Wash. 455, 230 Pac. 414; *Manlove v. Johnson,* 198 Wash. 280, 88 P. (2d) 397.

While the judgment in this case was a denial of the peremptory writ on the merits, it effectuated a dismissal of relator's application and will, therefore, be affirmed.

The clerk is directed to send the remittitur in this case down to the superior court forthwith.

MAIN, ROBINSON, and JEFFERS, JJ., concur.

STEINERT, SIMPSON, DRIVER, and BEALS, JJ., concur in the result.

MILLARD, J., took no part.